## William Duane *against* Peter Miercken.

Verdict on a special collateral plea, since the last continuance, in an action of trespass, set aside, being contrary to evidence.

MOTION for a new trial, on which a rule to shew cause had been given.

The suit was in trespass for an assault and battery, brought to September term 1800 ; and the defendant pleaded not guilty, with leave to give the special matters in evidence. After a trial had by the plaintiff against John Dunlap, who was implicated in the same trespass, it was agreed, that the other defendants, against whom separate suits had been brought, might plead any matter afterwards, which they might plead on the 9th December 1805.

On the 1st March 1806, the following plea *puis darrein continuance* was filed.

And the said Peter Miercken by William Rawle, his attorney,

[Duane *v.* Miercken.]

comes and defends the force and injury when, &c. and saith that the said William Duane, ought not to have or maintain his said action thereof, against him the said P. ; because he saith that the assault, battery and wounding aforesaid, in the declaration aforesaid mentioned, were done and committed against him the said W. by him the said P. jointly with a certain John Dunlap, and that he the said W. after the said assault, battery and wounding done, to wit, in the term of September, in the year 1800, in the Supreme Court of Pennsylvania, before the justices of the said court here, to wit, at Philadelphia, in the county of Philadelphia aforesaid, did implead the said J. D. of the said assault, battery and wounding, and in that action it was so proceeded, that the said W. afterwards and since the last continuance of the said suit by him the said W. against the said P. to wit, on the 5th day of December, in the term of December, in the year 1805, by the consideration of the said court, recovered against him, the said J. D. the sum of $300, for his damages which he had sustained by occasion of the said assault, battery and wounding, &c. of the said J. together with six cents costs, besides the costs expended, &c. as by the record and proceedings in the same suit now remaining in the said Supreme Court here, will more plainly appear, &c.

And the said P. in fact saith, that he the said J. afterwards to wit on the 8th day of January in the year 1806, at Philadelphia in the county aforesaid paid to the said W. the sum of $390 and 46 cents, in full satisfaction of the damages and costs re-*covered as aforesaid by him the said W., against him the said J., and that the said W., then and there received [*438 the said sum of $390 and 46 cents, in full satisfaction therefor ; and that the said assault, battery and wounding of him the said W., by him the said J., for the which the said W. hath so as aforesaid recovered and received satisfaction, are the same assault, battery and wounding, whereof he the said W. complains against the said P., and not other or different, and that the said W. D., by whom the said recovery was had against the same J. D., is the same W. D. who now prosecutes as aforesaid against him the said P. M.; and this he is ready to verify.   Wherefore the said P. prays judgment, and that the said W. may be precluded from having or maintaining his said action against him, &c.

The defendant was sworn to the truth of the facts stated in his plea; and on the 9th July 1806, the following replication was filed :

And the said W., by Cæsar A. Rodney, his attorney, says, that he the said W., by reason of any thing above alledged by the said P. in his plea since the last continuance of his the said W.'s suit against the said P., ought not to be precluded and barred from further having and maintaining his said action against the said P., because, protesting that the plea aforesaid, in manner and form aforesaid, pleaded by the said P., is wholly

[Duane *v.* Miercken.]

insufficient in law, nevertheless, for replication in this behalf, the said W. saith, that the assault, battery and wounding aforesaid, of which the said W. impleaded the said J. D., in the term of September in the year 1800, in the Supreme Court of Pennsylvania before the justices of the said court, to wit, at P., in the county of P. aforesaid, and for which on the 5th day of December, in the term of December, in the year 1805, by the consideration of the same court, the same W. recovered against the said J. D. the sum of $300 for his damages, which he had sustained by occasion of the said assault, battery and wounding, &c. of the said J. D., together with 6 cents costs, besides the costs expended, &c., and which said damages and costs have been paid to the said W. by the said J. D., are not the same assault, battery and wounding in the declaration aforesaid of the said W. against the said P. mentioned, in manner and form as the said P. above in his said plea in that behalf alledged; and this the said W. prays may be inquired of by the country.

And the said P. in like manner, &c.

The trial of this collateral issue came on before Mr. Justice SMITH, at the sittings in the city in July 1806, and he now reported the evidence. By agreement of the counsel he read to the jury the notes of the testimony which had been given between Duane and Dunlap on the trial on the 5th December 1805. *James Engle was the only additional witness who was examined. He swore, that Miercken, the defendant, had told him, that some person had taken hold of his arm, which prevented the blow he had aimed at Duane, and thereby hindered the death of the damned rascal.

The single fact for the consideration of the jury was, whether it was the same trespass, as that whereon there had been a recovery against Dunlap; though we might sometimes regret the law was as we found it. Dunlap had not struck a blow, and yet all that had been done by the different defendants, against whom separate actions had been brought, had been given in evidence against him, on the ground of his having been a principal, by aiding and abetting the outrage. It was not pretended that there were distinct trespasses; the declarations and evidence were the same in both cases, except so far as it respected Engle. The plaintiff's counsel depreciated the testimony of the witnesses, which he had adduced on the former trial, and the jury found a verdict for the plaintiff with $600 damages. Ld. Ray. 693.   12 Mod. 533.   Tidd 906.   2 Bla. 317.   Cro. El. 49.   2 Wills. 367.   Wallace 51.   3 Burr. 1363.

Messrs. Lewis and Condy in support of the rule to shew cause. This court will govern themselves by the settled law as it is written. In joint trespasses, the defendants are all of them liable to the plaintiff, and he may proceed against any or all of them, if he pleases, as it is but one trespass and all are liable; yet he shall have but one satisfaction from them all. If a joint

[Duane v. Miercken.]

suit is brought against several defendants for the same trespass, and the issues are tried at the same time, the damages cannot be severed.   But where the issues are separately tried, or where separate actions are brought against the several defendants, different damages may be assessed ; and the plaintiff has his election *de melioribus damnis ;* still he can have but one execution and one satisfaction.   1 Johns. N. Y. Rep. 290.   11 Co. 5. Carth. 19, 21.   S. C. 3 Mod. 101.   Cro. El. 30.   Hob. 66.   W. Jo. 377.

The plaintiff here was not bound to receive the damages assessed against John Dunlap ; he might have taken his chance of the verdicts against the other trespassers whom he had sued, and then made his election.   But having received those damages, he is bound thereby, and must blame his own folly.

Upon the trial of Duane v. Dunlap, the evidence only went to shew, that he was present at the time of the assault and battery, without any preconcerted system of insult or injury ; and whether he aided or abetted the fact, was highly problematical. But it is certain, that he neither assaulted nor made a single stroke at Duane.   There the plaintiff's counsel insisted, " that where " *several persons are engaged in a tortious act, all pres- [*440 " ent and aiding and assisting in it, are equally culpable, " and liable to answer for the whole of the mischief done ; " and cited Comy. Rep. 619, 621, 623, in proof of his assertion.   The court adopted the doctrine without hesitation, and charged the jury accordingly ; and on this ground alone, could the verdict have been supported.   But on the trial of the present special issue, a new doctrine was advanced by the same counsel, that in a joint trespass, each person was responsible only for his own conduct, and according to the degree of individual demerit. And in pursuing this system, he went to the unheard of length of attempting to disparage those witnesses, by whose testimony he had succeeded in the former suit !

The jury were called to decide a simple question ; was this the same trespass for which there had been a previous recovery against John Dunlap ?   The declarations, with the difference of the defendant's name, were precisely the same in both causes ; the pleas were the same ; the place where, and the time when, the injury was committed, were the same ; and so were the parties to the whole transaction.   The evidence given upon the first trial was read from the notes taken by one of the judges who sat thereon ; and Engle, who was the only witness examined at the last trial, was not present when the affray took place.

How then can it possibly be said, that there have been in this instance, two distinct different trespasses ?   What rational man can doubt, whether the present verdict is not directly against evidence ?   We conceive it to be an outrage against the evidence, morality and religion ; and that the court sit as the constitutional barriers to preserve the laws inviolate, against all attacks whatever, as well of jurors as others.

[Duane *v*. Miercken.]

No counsel appeared on the part of the plaintiff, although the argument was postponed for some days, to give him an opportunity of retaining other counsel, in the absence of Mr. Rodney.

YEATES, J.*   I feel myself as much bound by my official duty, to exercise a known legal discretion in the present instance, as in any case whatever, which can come before us.   This verdict is opposed, as being plainly contrary to evidence.   It has been stated by Judge SMITH who tried the cause, that the testimony given by the plaintiff, was expressly the same as that adduced in the trial against John Dunlap, and that he read it from his notes. Engle only was examined on the trial, and his testimony was *confined to the declarations of the defendant, after the commission of the act.

*441]

The special collateral issue was, whether the trespass and assault and battery were the same, or distinct and different, from those instituted against Dunlap.   We well know, that what all the trespassers did, was given in evidence against Dunlap; upon the ground, that all were principals in the trespass, and each person responsible for the acts of the others ; and that the whole court sanctioned that doctrine.   It is not at present a matter of inquiry, whether the damages assessed against Dunlap, were adequate or inadequate to the whole injury sustained.   No different evidence of a new and distinct trespass was adduced against this defendant ; and I cannot hesitate in declaring, that the verdict was against the evidence, and that the rule be made absolute.

SMITH, J.   In my charge to the jury, I cautiously avoided the intimation of any opinion, whether the damages found against Dunlap, for the joint trespass, were sufficiently high, under all the circumstances of the case.

But it was impossible for me to doubt, whether it was the same trespass.   The same evidence was given in both suits, except the testimony of Engle, which does not vary the case ; nor was it even pretended, that there was any other trespass at a different time or place.   I therefore clearly think, there should be a new trial.

BRACKENRIDGE, J.   I differ.   For a joint trespass, the plaintiff has his election to bring a joint or several action.   In my idea, the whole matter could not be taken into view by the jury who tried the action against John Dunlap ; nor is it possible for me to believe, that one man should pay for the blows inflicted by another.   This cause was submitted to the jury, on the single point, whether it was the same assault, battery and wounding, as that formerly tried against Dunlap.   The jury have

*TILGHMAN, C. J. took no part in the argument, having been formerly of counsel with one of the defendants.

[Descamps *v.* Dutihl.]

found that it was not, but a distinct trespass, and have assessed damages.    And this, I am of opinion, is conclusive on the court.

Rule made absolute.

Cited in 13 Pa. 409, in support of a decision that a joint trespasser is a competent witness on the part of the plaintiff, in an action of trespass, against others of the trespassers.