Replevin lies against the Sheriff's vendee, to recover the possession of chattels wrongfully taken in execution and sold.

## SHEARICK *against* HUBER.

### IN ERROR.

THIS was an action of replevin brought to *September* 1806, by *Huber* the plaintiff below against *Shearick*, for a quantity of wheat, which had been levied on by virtue of an execution issued at the suit of *Peter Sailer* against *Henry Lutz*, and sold by the sheriff to *Shearick*. *Huber* claimed under a bill of sale from *Lutz* prior to the execution; and the wheat had been sold by the sheriff while growing, and was taken by *Huber* from the ground, after it was reaped.

After the action had been depending a considerable time in the Common Pleas of *Dauphin* county, and put at issue, the defendant in *December* 1807 moved the court to quash the replevin; but the motion was rejected, and the judgment of the court on that point was the error now assigned.

*Laird* and *C. Smith* for the plaintiff in error, argued that the case was within the act of 3d *April* 1779, by which all writs of replevin granted for any owner of goods levied or taken in execution by any sheriff, are irregular, erroneous and void, and may *at any time* after the service be quashed upon motion by the court to which they are returnable; 1 *Smith's Laws*, 470; that the sheriff's vendee stood in the sheriff's place, and was included within the protection of the act; and that as in case of a reversal of a judgment, there was no restitution of goods sold under execution, according to *Hoe's case* (a), *and Manning's case* (b), so by analogy, if a replevin could not prevent the sale and delivery to the purchaser, no error in the proceeding should justify its being used to unravel the sale. The owner's remedy was trespass against the sheriff.

*Elder* and *Hopkins* contra. 1. The motion was out of time, because the party by pleading waived his right to quash. 2 *Dall.* 142. 1 *Browne's Rep.* 95. 2. The object of the Act of 1779 was to prevent any hindrance to the sheriff in the execution of the writ; not to prevent the legality of the sale from being subsequently questioned, in any and every mode which the injured party might adopt in the case of a private wrong. Trespass and trover lie every where both against the sheriff and his vendee, if the execution has been levied on goods not belonging to the defendant. 1 *Bay.* 317. *Shaw* v. *Tunbridge* (c), *Bloxham* v. *Olden* (d), *Cooper* v. *Chitty* (e), *Cro. Eliz.* 824. *Cro. Jac.* 50; and in this state, as well as in some others of the states, replevin lies wherever one is in possession of the goods of another tortiously. *Addison's Rep.* 301. *Pangburn* v. *Patridge*, (f).

TILGHMAN C. J. There is no doubt but replevin is the proper form of action; for although in *England* this action has been generally confined to cases of goods distrained for rent, yet with us, it has been used in all cases, where chattels in the possession of one person have been claimed by another. The motion to quash was founded on an act of as-

1813.

SHEARICK
v.
HUBER.

(a) 5 *Rep.* 90. b.
(b) 8 *Rep.* 96. b.
(c) 2 *Bl. Rep.* 1064.

(d) 1 *Burr.* 26.
(e) 1 *Burr.* 30.
(f) 7 *Johns.* 143.

sembly passed 3d *April* 1779. The preamble recites that writs of replevin had of late been granted for goods " taken " in execution, and for fines and penalties legally incurred " and due to this commonwealth, to the delay of public jus- " tice, and to the great vexation of the officers concerned " in taking and levying the same." It is then enacted that all writs of replevin granted or issued for any owner of goods, &c. " *levied, seized or taken in execution, or by dis-* " *tress or otherwise,*" by any sheriff, constable, collector of taxes, or other officer, acting in their several offices, under the authority of the state, are *irregular, erroneous and void,* and that all such writs may and shall at any time after ser- vice be quashed upon motion, by the Court to which they are returnable, &c.

No judgment can be executed if the defendant or any other person is permitted to take the goods out of the hands of the sheriff, after they are taken in execution. The sheriff is commanded by the writ of *fi. fa.* to make the money of the goods of the defendant, and bring it into Court. But he cannot make the money if the goods are not in his possession. There is no doubt therefore, but that the Court issuing the writ might *by its own authority* prevent the *defendant in the action* from impeding the execution by a replevin. Whether a *third person* whose goods were seized when in the possession of the defendant, might be also pre- vented, is a question which it is unnecessary to decide, as the act of assembly certainly comprehends the case. The object of the act was to provide for the complete execution of the writ. No person whatever can obstruct the sheriff's sale by a replevin. The goods are in the custody of the law, and there they are to remain till the sheriff has sold them and delivered the possession to the purchaser. That being done, the object of the law is accomplished, and every man who has claims, is left to his usual remedy. There is no intima- tion in any part of the act, that the sheriff can transfer to the purchaser a better right than the defendant possessed; and it would have been most unjust if there had, for there can be no reason why one man's goods should be applied without his consent to the payment of the debts of another. It is not questioned but that the person who claims the goods may support an action of *trover* against the sheriff's

vendee. Why then may he not maintain a replevin? What advantage is it to the defendant to be protected against a replevin, while he is left open to other actions? On the other hand, it may be of use to the plaintiff to have a remedy for the specific restitution of goods on which he may set a great value for causes peculiar to himself. Family pictures, and many articles of furniture of little value in themselves, may be inestimable to the person who claims them. Upon the whole I am of opinion that inasmuch as the replevin in this case was not issued until after the sheriff had completely executed his office, it did not come within the scope of the act of assembly, and the Court was right in refusing to quash it. The judgment should therefore be affirmed.

BRACKENRIDGE J. concurred.

Judgment affirmed.