. Per Curiam
We do not consider this as a void judgi ment. On the contrary, if a sale had been made under it, the purchaser from the sheriff would have had a good title ; many titles in Pennsylvania depend on this principle. But this judgment was clearly entered irregularly—the warrant, *298 was to confess a judgment, which was done in Montgomery county, after which the warrant had no force. There was real estate of the defendant in Montgomery county, and the object of the plaintiff was to bind it, so that he has no right to. complain of hardship in not being permitted to bind the real estate of the defendant in another county. This judgment was entered by the plaintiff himself, in pursuance of our act of assembly. I believe it has. been not unusual for attorneys to enter judgment in different counties, under a warrant on the same bond. But in such cases, having acted without authority, they are answerable for the consequences; and where the obligee causes judgment to be entered on the same bond, in different counties, without the intervention of an attorney, he also is answerable for the consequences. We are of opinion that the rule should be made absolute.