## Tarbox *against* Hays.

The validity of a judgment of a justice of the peace cannot be impeached in a collateral action.   In an action of replevin, for goods sold by authority of an execution upon the judgment of a justice, that judgment cannot be impeached, although the plaintiff was the purchaser of the goods, and the defendant in the action of replevin.


ERROR to the common pleas of *Warren* county.

Edmund Adams and Elias Hays against Asa P. Tarbox and David Gress.   This was an action of replevin, for twenty-four thousand feet of boards and two thousand shingles.

It was admittted that the plaintiffs had been the original owners of the property.   The defendants then gave in evidence, the transcript of a judgment of a justice of the peace, at the suit of Tarbox against Adams and Hays, for 52 dollars, an execution thereupon and a levy and sale of the property in dispute to Tarbox.

The plaintiffs offered in evidence, the original summons issued

[Tarbox v. Hays.]

by the justice, and to prove that the judgment was obtained by fraud and without notice to the defendants; that when the summons was issued and served, one of the defendants resided in M'Kean county, and that the other had gone to his residence in New York; that Tarbox knew this, and directed the constable to leave a copy of the summons at his (Tarbox's) house; that Adams had formerly lived in that house, before Tarbox moved there, and that Hays had boarded there with Tarbox, but had gone to New York about a week before the service.

The defendants objected to the evidence, but the court overruled the objection, and sealed a bill of exceptions.

The evidence was given, and the court charged the jury, that the judgment was illegal and void, and that the defendant, Tarbox, could not protect himself in the possession of property thus fraudulently obtained. Verdict for plaintiff.

*Pearson* and *Struthers*, for plaintiff in error, cited 4 *Watts* 183; 3 *Penns. Rep.* 98; *Ibid.* 234; 1 *Pick.* 435; 3 *Johns. Rep.* 157; 1 *Johns. Chan.* 320; 8 *Mass.* 435; 17 *Mass.* 237; *Ibid.* 394; 14 *Mass.* 496; 11 *Mass.* 507; 13 *Mass.* 264; 18 *Mass.* 435; 4 *Mass.* 382; 7 *Mass.* 399; 9 *Mass.* 124; *Ibid.* 143; 11 *Mass.* 227; 15 *Mass.* 185; 2 *Dall.* 231; 7 *Term Rep.* 269; 4 *Watts* 190.

*Galbreath*, for defendant in error, cited 8 *Wend.* 569; 3 *Penns. Rep.* 75; 2 *Watts* 180; *Ibid.* 354; 7 *Serg. & Rawle* 230; *Ibid.* 369; 10 *Serg. & Rawle* 242; 4 *Watts* 426.

The opinion of the Court was delivered by

SERGEANT, J.—This is an action of replevin, for a quantity of boards and shingles, in which, the plaintiffs showed that they were the original owners of the property. The defendants claimed under a sale of the property by the constable, on an execution issued by a magistrate, upon a judgment recovered before him, in July 1831, by the defendant, Tarbox, against the plaintiffs, Adams and Hays. The plaintiffs in reply, allege, that the judgment was obtained without service of process or notice, and, therefore, the proceedings must be deemed a nullity, and no title passed by the constable's sale.

To substantiate their allegation, the plaintiffs called the constable and other witnesses, who proved that Tarbox brought the summons to the constable's house, and directed him to serve it by leaving it at his (Tarbox's) house, where Hays had been boarding, but was gone, about a week previous, to New York, where he resided, and whence he returned, in October following. That Adams lived in M'Kean county, to which he had moved, in April 1830. The summons was endorsed by the constable, Messenger, "copy of summons left at the house where one of the defendants, Hays, has been boarding a short time ago." The magistrate then entered

on his docket, "summoned by Messenger, served on oath, by copy," and rendered judgment. This evidence does not support the plaintiffs' allegation; for whatever might be our opinion, if the case stood simply on the return of the constable, and the parol evidence, yet to aver that there was not service on the defendants, is to contradict the record of the magistrate, and thus by matter *dehors* to destroy the truth and validity of the proceedings of a judicial officer in a matter in which the acts of assembly give him jurisdiction. Whether there was legal service or not, was a matter he was directly required to examine and adjudicate upon, before proceeding in the suit. His record shows, that he has decided, that there was a copy duly served; and that decision and the judgment rendered thereon, must be deemed conclusive in a subsequent collateral proceeding between the same parties. In Field *v.* Gibbs, 1 *Peters's Rep.* 155, to an action of debt in the circuit court of New Jersey, on a judgment obtained against the defendant, in the common pleas of Philadelphia, one of the defendants pleaded, that no process had been served upon him, and that he never appeared to the suit, to which the plaintiff demurred, and it appearing by the record, that there had been a general appearance by attorney, and pleas entered by both, it was held that the plea was bad. So, here, by the entry of the magistrate on his record, it appears, that the process was served, and it is not competent to the defendants, collaterally, and in a subsequent proceeding, to travel into parol evidence, to contradict the averment of the record, and to show that in reality, the process was never served.

But even if the proceeding and judgment before the magistrate were irregular and voidable, so that the judgment might have been reversed on error or *certiorari*, or vacated on motion, it by no means follows, that the title to goods previously sold, under the execution, would be thereby divested. The general rule has long been established, that the sale by the sheriff of the goods or chattels of the defendant, taken on a *fieri facias*, conveys an indefeasible title to the vendee; so, that if the writ be altogether irregular and unauthorized, and afterwards vacated, the defendant shall not be restored to his goods. His remedy is to have restitution of the money levied, but not of the goods themselves. 5 *Rep.* 90; *Dyer* 363; 1 *Maule & Sel.* 425; *Wats. Sheriff* 188, 214; *Br. Trespass, pl.* 238, cites 22 *Ass.* 64; 20 *Vin. Abr.* 493; Jeans *v.* Wilkins, 1 *Vez.* 195; Small *v.* Woods, 1 *Ld. Raym.* 252; Marshalsea Case, 10 *Rep.* 76; Martin *v.* Rex, 6 *Serg. & Rawle* 296; Lewis *v.* Smith, 2 *Serg. & Rawle* 156; 8 *Rep.* 126. So necessary is this rule to the encouragement and security of purchasers, and to the protection of the interests of defendants themselves, that our early acts of assembly, when they declared lands to be chattels, for payment of debts, and subjected them to sale on execution, applied the same principle to them. And there is no difference, whether the purchaser be the plaintiff or a third person; they stand

[Tarbox v. Hays.]

in the same situation where, as with us, sales on execution are made by public vendue. 1 *Rawle* 223; 2 *Walts* 147.

The only exception to the general rule above stated is, when the court, from which the writ issued, had no jurisdiction, or the goods are the goods of a stranger. 6 *Binn.* 2; 5 *Barn. & Ald.* 826; *Wats. Sheriff* 188. In these cases the authority of the court or officer is an usurped one, and their acts are to be considered as the acts of strangers, and as utterly null and void. Here the goods were not the goods of a stranger; nor is there any ground for saying that the magistrate had no jurisdiction. The acts of assembly gave him jurisdiction over the demand. When a magistrate, or a party, or a constable, is guilty of misconduct, he is responsible for his own acts in a personal action against him. Trespass lies after the judgment has been vacated, though not before. 1 *Ld. Raym.* 309; 1 *Lev.* 195. Case would lie for fraud and practice to the injury of a party. A *certiorari* would lie to reverse the proceedings even, perhaps, after the twenty days, if it appeared that the defendant had no notice within that time. 1 *Ashm.* 135. Or the magistrate may open the judgment. *Ibid.* 149. But, however defective, illegal, or irregular the judgment may be, yet if rendered by a court having jurisdiction, and a sale takes place by execution thereon, the title passes. And here the defendants, without reversing the judgment, cannot be put in a better situation than they would have been if they had reversed it.

It is alleged that the plaintiff was guilty of fraud, in obtaining the judgment, and, therefore, it is inferred, that it is an absolute nullity. The evidence by no means shows satisfactorily, that an imposition was practised on the magistrate. The constable's return stated, what the parol proof makes out, as to Hays, and there was no return at all, as to Adams. It is no more than attributing to the magistrate, that common care and prudence which the law presumes in all judicial proceedings, if we infer, that he had evidence to satisfy him of the fact before he adjudicated that the summons was served. What that evidence was, we know not, nor is the magistrate now a party. If the judgment was even illegally obtained, the defendants were bound to take advantage of it by a regular course of proceeding, and cannot question the proceeding collaterally. Every irregular and illegal proceeding may, in a certain sense, be said to be *in fraudem legis;* but it is not that which one party to a former suit can aver in a subsequent collateral proceeding, in order to destroy a record of a judgment. If this could be done, every irregularity in a party, constable, or magistrate, would be termed fraud, and the judgments and proceedings overhauled and re-examined, and averred to be void and of no effect. The consequences would be serious indeed, and the doctrine is opposed to every principle of the law. 1 *Pick.* 438; 6 *Pick.* 247; 12 *Johns. Rep.* 434; 5 *Wend.* 161; 6 *Wend.* 447. It is only third persons, who, not having any mode of

VI.—3 A

[Tarbox v. Hays.]

reversing or setting aside a judgment, by writ of error or otherwise, may aver, that it was obtained or kept on foot by collusion between the parties, to their injury, and in such case the judgment is binding between the parties, though as to others of no effect. Fermor's Case, 3 *Rep.*

Judgment reversed, and a *venire facias de novo* awarded.