## Hazelett *against* Ford.

10 W　101
21 SC　72

The validity of a judgment of a justice of the peace cannot be controverted, in a collateral proceeding, by a stranger to it.

ERROR to the common pleas of *Tioga* county.

Samuel Hazelett against C. H. L. Ford, Hiram Bebee, and Lewis Mead. This was an action of trespass which originated before a justice of the peace, and was brought into the common pleas by appeal. The cause of action was for taking and selling the plaintiff's horse upon an execution against *Amsey Hammond.* To maintain their defence, the defendants offered in evidence the judgment on the docket of a justice of the peace, in favour of Hiram Bebee and others against Amsey Hammond, together with the execution issued thereon, upon which the horse was sold by the present defendants. The justice of the peace testified that he was not at home when the judgment was entered; that the plaintiff and defendant came to his office in his absence, and the plaintiff wrote the style of the suit and confession of the judgment in his docket, and the defendant signed it; that sometime after he issued the execution on which the horse was sold.

The plaintiff objected to the evidence, because it was not the

[Hazelett v. Ford.]

judgment of the justice, and would not justify him in issuing an execution upon it, nor the defendants in levying and selling the horse.    The court below (Conyngham, president,) overruled the objection, and sealed a bill of exception.

*S. Maynard,* for the plaintiff in error, cited 1 *Penn. Rep.* 15; 15 *Johns.* 140.
*Williston,* for the defendant in error.

The opinion of the court was delivered by

Gibson, C. J.—That a judgment shall not be reversed in a collateral proceeding for any thing but collusion, is a principle, which perhaps, has not an exception; nor, standing on the public records, shall it be deemed a nullity, provided, the magistrate had jurisdiction of the matter adjudicated.    Thus, it was held in 'Martin *v.* Rex, 6 *Serg. & Rawle* 296, that a second judgment on a warrant of attorney, which had been exhausted by the entry of a judgment on it in another county, is not void, though it was admitted to be irregular.    And in King *v.* King, 1 *Penn. Rep.* 191, inquiry into the validity of the original judgment, was made on the trial of a *scire facias,* only by permission of the opposite party.    In Feger *v.* Kroh, a judgment entered on warrant of attorney before a justice of the peace, and docketed in the common pleas for purposes of lien, was inadvertently said to be void; but that it was only erroneous, is shown by the fact, that it was reversed, which would have been unnecessary, had it been a nullity, and also by the fact, that the purchaser at sheriff's sale, was held to be protected by the statute.    Now the statute has regard to judgments which, though erroneous, " shall warrant the awarding of said writs of execution," but not to those which are already void.    For though an erroneous judgment may warrant an execution, a void one may not; it is in contemplation of law, no judgment at all.    The error in that case, being the want of a summons or an appearance, the purchaser was protected, because the judgment had sustained the execution; and it was only thus, that he was brought within the words of the statute: besides, whether the judgment were void or not, was not the question decided.    In the similar case of Alberti *v.* Dawson, 6 *Binney* 106, the judgment was said not to be void but irregular; and even that was said evidently without regard to the distinction taken by chief justice De Grey, betwixt things erroneous and things irregular—a distinction I have never been able to comprehend; for though what is erroneous, must be irregular, it would seem not to follow, that what is irregular must be a nullity.    From Braddee *v.* Brownfield, 4 *Watts* 474, in which it was said, that a judgment on warrant of attorney, can not be proved to have been stillborn by evidence of previous satisfaction of the debt, it is to be inferred, that a judgment standing on the docket of the common pleas, *must* be treated as an existing one, however erroneous it may appear to

[Hazelett v. Ford.]

be on the face of it; and why shall not the principle be applied to a judgment standing on the docket of a justice of the peace?　That he is the judge of a court of limited jurisdiction, is most certain; but the maxim that every thing done by such a court, shall be deemed to have been *coram non judice,* if it appear not on the face of the proceedings that the judge acted within the scope of his authority, is to be taken, in reference to a justice of the peace, with many grains of allowance.　It has been said in Buckmeyer *v.* Dubbs, 5 *Binney* 32; Gibbs *v.* Alberti, 4 *Yeates* 73, and Bradley *v.* Hewen, 4 *Yeates* 436, to be the settled rule of this court to entertain no presumption, in any case of apparent jurisdiction, against the accuracy of a justice's proceedings.　Nor are his acts to be restrained to the express letter of his authority; for it was declared in Berryhill *v.* Wells, 5 *Binney* 56, that he might issue a *scire facias* previous to execution, though no statute had expressly given him power to do so.　He is the judge of a court which, deriving its jurisdiction from statutory grants, proceeds in most things according to the substance contained in the forms of the common law; and whose docket, as to things adjudicated by him, has the conclusiveness of a record. Here there was a judgment, standing ostensibly as such, on the docket of a justice of the peace, recognized by him as well as by the parties, and made the foundation of an execution: how then can a third person question its existence?　In Emory *v.* Nelson, 9 *Serg. & Rawle* 12, the court refused to inquire whether a justice could give judgment in trover on an award of referees, because as he had at all events jurisdiction of the cause of action, his judgment could not be void.　" It might," said the court, " have been appealed from, and removed by *certiorari* to the court of common pleas; but being acquiesced in by both parties, it is between the parties a valid judgment."　If valid between the parties—and they were the only litigants in that case—it is for greater reason valid against third persons.　In the case before us, the judgment was docketed at the place where the justice held his court and kept its records; it was acknowledged by the defendant and recognized by the justice in the act of issuing an execution on it; and its validity cannot be controverted by a stranger to it.

　　Judgment affirmed.