Messrs. *Wright* and *Cumming*, for plaintiff in error; Messrs. *John W. Ryon* and *Wm. R. Smith*, for defendant in error.

---

*Twenty-First Judicial District.*

## In the Court of Common Pleas of Schuylkill County.

### ANTHONY CAREY v. BRANCH NO. 2, DISTRICT NO. 7, W. B. A., GIRARDVILLE.

When the claim of a party exceeds the jurisdiction of the justice, he cannot remit the amount, (except by payments) in order to give the Justice jurisdiction to sue, and this fact may be established either by the record or by parol testimony. Collins v. Collins, 1 Wr. 387.

**Certiorari.**

Opinion delivered by

WALKER, J. This was a suit brought by Anthony Carey to recover from the defendant his claim for the collection of $2600. Carey was the treasurer of the Branch and claimed a percentage upon the money passing through his hands.

On 21 May, 1872, Mr. Carey appeared before Esquire Love, and, as the record shows, claimed $99.99.

After hearing the witnesses, judgment was given by the justice for $99.99 and cost of suit. Execution was issued upon this judgment, and then removed into this court by certiorari.

The exceptions are:

1st. As to the judgment.

2d. As to the execution.

The first exception is that the justice had no jurisdiction of the claim, it being over $100.

From the record it appears that the claim was for $99.99, and the judgment was for that amount.

The depositions of several witnesses taken under a rule of court and read in evidence show that Anthony Carey, as the treasurer of the Branch, collected $2600, and that his charge was four per cent. making his claim $104. That some time previous to suit being brought, the plaintiff called upon the officers of the Branch and presented his bill for this amount. That on the 21st May, 1872, when the claim was first presented, it was $104, and plaintiff told the justice he should strike out that amount and make it $99.99, so as to bring the amount within his jurisdiction, and that he accordingly did so.

If the proceedings on the face of the record be regular, the court will not look into the merits of the original question. Overseers of Coventry *v.* Cummings, 2 D. 114; Troubat and Haley, volume 1, part 2, page 715.

It will sometimes, to prevent injustice, look into the evidence. Buckmyer *v.* Dubs, 5 Bin. 29.

When the parties have a full and complete remedy by appeal, the courts are not inclined to favor their proceeding upon a certiorari. Morton *v.* Plowman, 1 Yeates 251.

The courts do not incline to set aside judgments unless for manifest error. If injustice be done, the remedy is by appeal. Bradley *v.* Flowers, 4 Yeates 436.

The objection urged that the judgment was rendered before the day fixed for the hearing has no weight, as both parties appeared voluntarily before the justice and the hearing was had accordingly. Buckmyer *v.* Dubs, 5 Binney 32.

There is no doubt that parties may appear voluntarily before a justice and confess a judgment exceeding $100, under the act of 1810. Camp *v.* Wood, 10 Watts 118 ; Morrison *v.* Weaver, 4 S. & R. 190, but this case is contested.

The plaintiff is bound at his peril to elect the proper tribunal. Sadler *v.* Stobaugh, 3 S. & R. 388.

When, however, there is a want of jurisdiction in the justice, established by the record or by parol evidence, it may be taken advantage of at any stage of the cause. Black *v.* Black, 10 Casey 354.

The case of Collins *v.* Collins 1 Wright, 387, it appears to us rules this case.

It is there decided that a justice has jurisdiction when the claim, however large, is reduced to or below $100, by direct payment or by dealing amounting to and admitted as payments, *but not when it appears from the transcript or narr on appeal, or by the parol testimony* on the trial, that the plaintiff's demand, or the amount in dispute, exceeded the statutory limit

and involved questions touching real estate, *or that by remitting the excess* the queston would be involved in litigation beyond his jurisdiction.   Per Woodward, J.

The facts in the above case are almost precisely like the present case, and parol testimony was taken to establish the true amount in controversy, as it was held proper.

See also Stroh *v.* Ulreck, 1 W. & S. 59.

It is  unnecessary to examine, under this view, the remaining exceptions.

Judgment reversed.

*John W. Ryan*, Esq., for plaintiff., *S. H. Yocum*, Esq., for defendants.