# Logan *v.* Pennsylvania Telephone Company, Appellant (No. 2).

*Trespass—Parties—Joint action—Tort.*

Where five persons own undivided interests in real estate at a time when a trespass is committed thereon, and subsequently three of the persons convey their interests to one of the other two owners, and thereafter a second trespass is committed upon the land, the five original owners cannot be joined as parties plaintiff in an action to recover damages for the second trespass.

Argued March 9, 1909. Appeal, No. 17, March T., 1909, by defendant, from judgment of C. P. York Co., Aug. T., 1907, No. 76, on verdict for plaintiffs in case of William H. Logan et al., Administrators of Abram Williams, deceased, v. Pennsylvania Telephone Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Trespass to recover damages for the destruction of trees.

At the trial the plaintiff made the following offer:

Mr. Niles: We propose to prove by this witness that in December, 1905, there came to the Logan place about which we are speaking, seven men with a telephone outfit of ladders and other implements for use along a telephone line, and with a blueprint showing the line and its poles and wires, and proposed and proceeded to enter upon this land of the plaintiffs' and cut and mutilate the trees along this line of fence and road that were left by the first cutting.

For the purpose of sustaining the issue on the part of the plaintiffs and showing one of the trespasses complained of in the declaration.

Mr. Black: It is objected to that in December, 1905, according to the evidence already introduced by the plaintiffs, John N. Logan, S. J. Beetem and J. F. Bailey, three of the plaintiffs, had no interest whatever in the property, they having according to the evidence, on September 25, 1905, made a deed of any interest that they owned before that time to William H. Logan.

The Court: We think this is evidence. The plaintiffs' statement is not particular as to dates, but it charges certain trespasses in the year 1905. It is true that previous to the date fixed in this offer there was a conveyance of the outstanding undivided one-third interest from the heirs of Mrs. Williams, deceased, to William H. Logan; but as all the parties who have had any interest in the premises during either of the two years in which the different trespasses are alleged to have been committed are plaintiffs of record, and the entire damage resulting from the cutting of these trees is to be recovered, if anything, we think the evidence admissible; because it is not any part of the present proceeding to apportion any damages that may be recovered. We therefore admit the evidence, and seal an exception for the defendant. [7]

Verdict and judgment for plaintiffs for $500. Defendants appealed.

*Error assigned* amongst others was (7) ruling on evidence, quoting the bill of exceptions.

*V. K. Keesey*, with him *J. S. Black*, for appellant.—A joint action in tort cannot be maintained when some of the plaintiffs are shown to have no right to recover: McDonald v. Simcox, 98 Pa. 619.

*James J. Logan* and *John N. Logan*, with him *Henry C. Niles*, for appellees.—The joinder of too many parties plaintiff does not injure the defendant: McIntire v. Westmoreland Coal Co., 118 Pa. 108; Ehret v. Schuylkill River, etc., R. R. Co., 151 Pa. 158.

In the present case the alleged misjoinder, if any, is apparent from the pleadings and should have been raised by demurrer or plea in abatement. It is too late to raise it after pleading to the action. It was at best harmless error: Chapin v. Cambria Iron Co., 145 Pa. 478; Lauer v. Ketner, 162 Pa. 265; Seymour v. Hubert, 92 Pa. 499; Cheraw & Salisbury R. R. Co. v. Broadnax et al., 109 Pa. 432; Prevost v. Nicholls, 4 Yeates, 479; Payne v. Reese, 12 W. N. C. 97.

OPINION BY MORRISON, J., October 11, 1909:

What has been said in our opinion this day filed in William H. Logan v. this defendant, at No. 16, March Term, 1909, p. 644, ante, disposes of all of the questions raised in the assignments of error here, except the seventh. The question raised by that assignment is a serious one because the plaintiff's declaration claims damages resulting from two distinct trespasses, the first, in 1902; and the second, in December, 1905.

It appears from the plaintiff's evidence that in 1902 the locus in quo was owned by William H. Logan, John N. Logan, S. J. Beetem, J. F. Bailey and Abram Williams, and that on September 25, 1905, John N. Logan, S. J. Beetem and J. F. Bailey, three of the plaintiffs, conveyed all of their interest in the premises to William H. Logan, and that the second trespass was not committed till December, 1905. This question was raised in the court below, on behalf of the defendant, on the plaintiffs' own testimony. The learned court disposed of it in his opinion on the motion for a new trial as follows: "The joinder of all possible parties in interest in this suit, worked no injury to the defendant under the facts and circumstances of this case, as damages for the injuries to their respective estates are recoverable by all the parties in interest, and the form of this verdict is a protection against future actions by any of the plaintiffs in the present case."

Conceding that for the trespass of 1905, William H. Logan may have been in position to maintain an action alone, is it reversible error for the court below to permit a recovery for that trespass in favor of all of the plaintiffs? In other words, is the joinder of too many plaintiffs, under the conceded facts in the present case, reversible error? All of the plaintiffs were interested in the locus in quo at the time of the first trespass, but what right had the three persons to join as plaintiffs in an action to recover damages for a trespass committed several months after they had conveyed their entire interest in the land to William H. Logan? In our opinion it cannot be said that in an action ex delicto the joining of persons as plaintiffs who have no interest in the subject-matter of the suit may not work an injury to the defendant. But be that as it may, it

seems to be elementary law that only the persons whose legal rights have been affected, and who were legally interested in the property at the time the injury thereto was committed, should be named as plaintiffs in an action for a tort: 1 Chitty Plead., *60.  In McDonald v. Simcox, 98 Pa. 619, Mr. Justice MERCUR, speaking for the Supreme Court, said: "A joint action in tort cannot be maintained when some of the plaintiffs are shown to have no right to recover.  It is elementary law in actions ex delicto, that if too many persons are made co-plaintiffs, the objection, if it appear on the record, may be taken advantage of either by demurrer, in arrest of judgment, or by writ of error; or if the objection do not appear on the face of the pleadings, it will be ground of nonsuit on the trial."  In the present case the plaintiffs clearly proved that three of them had disposed of their interest in the locus in quo some months before the second trespass was committed.  This question was squarely raised by counsel for defendant and we think the learned court erred in permitting a recovery in this suit for the trespass of December, 1905.  However, we see no reason why the plaintiffs may not amend their declaration and recover in this suit, hereafter, for the trespass of 1902, when as we understand the evidence all of the plaintiffs were interested in the locus in quo. It follows that if a recovery is to be had for the trespass of 1905, a new suit must be begun in the name of the proper persons.

The assignments of error are all overruled, except the seventh which is sustained, and the judgment is reversed with a venire facias de novo.