# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA

## Bole *v.* Belden Automobile Transmission Co.

*Corporations—Stockholders—Subscription to stock—Payment in property—Collusive judgment against corporation—Intervention—Creditor's bill—Equity.*

The defendant in a creditor's bill to compel the payment of a stock subscription to a corporation set up as a defense that he had paid the subscription by turning an automobile over to the company, which defense was overruled and a decree entered against him, which decree was affirmed on appeal to the Supreme Court. One week after the filing of the opinion in the Supreme Court, defendant brought suit against the company for the value of the automobile and the next day, before the writ was served, an answer was filed by one of the directors of the company admitting the allegation set forth in the statement, and on the same day judgment was entered for the amount of the sum claimed. The judgment thus obtained was made the basis of an application by the defendant for leave to intervene as a plaintiff in the creditors' bill. *Held,* that the petition to intervene was properly dismissed.

Argued Nov. 1, 1912. Appeal, No. 233, Oct. T., 1912, by W. M. Murray, defendant, from decree of C. P. No. 2, Allegheny Co., April T., 1908, No. 1068, dismissing petition to intervene in suit of George M. Bole, Receiver of Bair & Gazzam, et al., v. The Belden Automobile Transmission Company, et al., W. N. Murray. Before FELL,

VOL. CCXXXIX—1

C. J., Brown, Potter, Elkin and Moschzisker, JJ.
Affirmed.

Petition to intervene as a plaintiff.

The facts are stated in the opinion of the Supreme
Court and in Bole v. Murray, 233 Pa. 589.

*Error assigned* was decree dismissing petition to in-
tervene.

*Harvey A. Miller,* with him *U. G. Vogan,* for appel-
lant.—The petitioner had a right to intervene: Rankine
v. Elliott, 16 N. Y. 377; Bickley v. Schlag, 46 N. J. Eq.
533 (20 Atl. Repr. 250).

The court clearly has the right to amend or modify its
own decree, changing the decree in favor of the receiver
for the benefit of all creditors of the Belden Automobile
Transmission Company: Beek's App., 15 Pa. 406; Wel-
ler's App., 103 Pa. 594.

*Charles F. Patterson,* for appellees.

Opinion by Mr. Justice Brown, January 6, 1913:

The bill in this case was filed by creditors of The
Belden Automobile Transmission Company, an insol-
vent corporation, to compel subscribers to its capital
stock to pay their subscriptions. Among these sub-
scribers was W. N. Murray, the appellant, who had sub-
scribed for seventy-five shares of the stock. His defense
was that he had turned over to the corporation an auto-
mobile for which he had paid $2,800.00 and on which,
for the purpose of demonstrating the usefulness and
adaptability of certain appliances in connection with
motor cars to be manufactured by the corporation, he
had expended sums of money amounting, when added to
the original cost of the automobile, to a sum equal to his
subscription for the stock. This defense was held to be
unavailing by the court below, and in sustaining the

decree ordering the defendant to pay so much of the amount due on his subscription as was necessary to pay the indebtedness of the corporation to the complaining creditors, we said, through Mr. Justice STEWART: "We have definite and distinct findings that the issuing of the certificate for the seventy-five shares in defendant's name was not pursuant to any corporate action; that there was no evidence that the directors of the corporation ever passed judgment on the value of the property defendant claims to have turned over in payment, or what the actual value of the property was. There is the further finding that the property was of little utility. Since the case rests on the findings of the court, what of itself is sufficient to defeat the defendant's attempt to escape liability on the ground set up, without going further, is the fact that there is no finding that the payment for the stock in property was ever the subject of contract or agreement between the defendant and the corporation. Except as there was such contract defendant stands with respect to the property he turned over in the same situation as any other creditor of the concern. The fact that there is no finding of a contract is an equivalent in this proceeding of a finding that there was no contract. In all such cases where an original subscriber to stock claims to have paid a subscription in something else than money, the burden is on him to show a contract with the corporation permitting it, and the further burden is on him of showing that the transaction was fair and that the property turned over in payment had been valued by those representing the corporation in good faith. None of these things here appear, and it follows that defendant's liability for his subscription to seventy-five shares remains, and that he was properly charged therewith": Bole v. Murray, 233 Pa. 589. This opinion was filed January 2d, 1912, and, on January 9th—at least two days before the record was remitted—the appellant brought suit against the company for the recovery of the value of the automobile and

for the expenditures upon it. On January 10th, before
the writ was served, an answer was filed to the plain-
tiff's statement by one W. W. Vensel, averring that, as a
director of the company, he was authorized to make the
answer and admitting that the allegations as set forth
in the statement were true. On the same day that this
answer was filed Murray's attorney filed a præcipe for
judgment, and it was immediately entered for $10,406.28.
This judgment, entered on the confession of a director
of the company, a day after the writ was issued and
before it was served, was made the basis of an applica-
tion by the appellant—on January 20, 1912—for leave
to intervene as a plaintiff in the creditors' bill filed by
the appellees to compel him and others to pay their
stock subscriptions, and this was after we had held that
his defense in that proceeding could not prevail and that
he must pay cash for his stock. In appellees' answer
to the petition to intervene it was averred that the char-
ter of the transmission company had long since been for-
feited; that no meetings of its board of directors had
been held for a long period; that no one was authorized
to make answer in the suit against it by the plaintiff, or
to appear for it therein; that the judgment which was
entered by the appellant was obtained by fraud and col-
lusion between Vensel and himself and was the result of
a fraudulent attempt on his part to defeat the rights of
the appellees. The petition to intervene was denied and
its denial was followed by this appeal.

The palpable purpose of the appellant in instituting
suit against the transmission company, immediately
after he was ordered by a decree of this court to pay for
the seventy-five shares of stock, was to evade that decree,
for, as soon as he obtained the judgment by the confes-
sion of a director of the company, he attempted to use it
as an off-set against his liability on his stock subscrip-
tion by asking to be allowed to become one of the plain-
tiffs in the creditors' bill. If he had been permitted to
do so with his judgment as evidence of the company's

indebtedness to him, little, if anything, would have been left for the other creditors out of the amount he was ordered to pay for his stock, for, on his judgment, he would have absorbed as a creditor what he owed as a debtor. If anything had been made plain to him, it was that, under the facts as developed on the hearing on the bill and answer, he could not set up his alleged claim against the transmission company as a payment for his stock; and if his claim, unreduced to judgment, was not to be credited on this liability, because there had been no contract or agreement by the company that his subscription was to be paid in something else than money, the character of that claim, as against the appellees, was not changed by the judgment which he obtained in the manner stated. Why should he, through this judgment, hastily confessed by a director of the company, be permitted to occupy a vantage ground which had been justly denied him before he obtained that judgment? Even if Vensel was authorized to confess it, it is not conclusive as to the appellees, for if it was collusively confessed for the purpose of defrauding them, their right was to attack it, on the ground of fraud, when Murray attempted to use it against them: Tarbox v. Hays, 6 Watts 398; Ogle v. Baker, 137 Pa. 378. The unavoidable conclusion is that Murray's purpose in obtaining the judgment was to make a use of it, which, in view of what was expressly decided on the former appeal, was a fraud upon the appellees. He is not to be permitted in this equitable proceeding to do indirectly that which, in its effect, is just what he had been forbidden to do directly. He may be a creditor of the company, but, even if he is, he must, for the reasons given by our brother STEWART, pay cash for his stock.

Appeal dismissed at appellant's costs.