## Sale v. Schwehm.

*Bell, Trinkle, Truscott & Bell,* for plaintiff.
*Morgan, Lewis & Bockius,* for defendant.

ALESSANDRONI, J., March 17, 1930.—The plaintiff filed a bill, averring that the defendant held certain property in trust for several parties, including the plaintiff, and further averring that the defendant had failed to account to him for his share of the proceeds realized from a sale of part of the property held in trust. Plaintiff, therefore, brought his bill for an accounting.

The defendant filed an answer, averring that the trust agreement relied upon by the plaintiff was obtained by fraud and misrepresentation, and that the plaintiff had no interest of any kind in the property in dispute. The answer further avers that the defendant is indebted to Martin F. Connor and Stacy White, and that the plaintiff is also indebted to these two men. The defendant, therefore, requests an accounting from the plaintiff of the money due him as trustee for Connor and White, or that the plaintiff pay directly to the said Martin F. Connor and Stacy White such sum or sums as may be shown to be due from the accounting to be rendered by the plaintiff.

Martin F. Connor and Stacy White then filed a petition for leave to intervene, reiterating their interest as set forth in the defendant's answer, and averring that they wished to intervene to protect their interest and obtain an accounting from the plaintiff of the sums due them. To this petition the plaintiff has filed an answer, setting forth that the defendant had already accounted to the petitioners for their interest in the property, and that, therefore, they had no right to intervene.

The right of intervention in equity rests upon Rule 25, which reads as follows: "By leave of court, any person or persons claiming an interest in a pending suit may be permitted to assert his, her or their right by intervention at any stage of the proceedings; but this shall be in subordination to, and in recognition of, the propriety of such suit."

An analysis of the pleadings filed in this case discloses that the petitioners are endeavoring to assert their rights under the same state of facts as set forth by the defendant. The defendant in his answer has set forth that no moneys are due the plaintiff, and that, on the contrary, the plaintiff is indebted to him as trustee for Martin F. Connor and Stacy H. White, as a result of various sums received by the plaintiff from the property in question and of various sums advanced by the petitioners, Connor and White. The answer to the petition for leave to intervene merely avers that the defendant is not indebted to Connor and White, and does not refer in any way to the intervening petitioners' claim for an accounting from the plaintiff, except averring that they are merely *cestui que trusts.* The claims of all three parties refer to the same subject-matter of dispute, to wit, their respective interests arising

out of the purchase of a certain tract of laid. Equity Rule 25 is designed to permit parties interested in the same subject-matter to intervene and have the entire matter adjudicated at one time, thus avoiding a multiplicity of suits. The intervening petitioners have set forth enough facts to permit them to intervene and be given an opportunity to establish such claims as they might have. The right to intervene has been generally established by our decisions, the principle having recently been reiterated in Valmont Developing Co. *v.* Rosser, 297 Pa. 140, in which it is said: "Equity Rule 25 permits any person having an interest in pending litigation to intervene at any stage of the proceedings. Generally speaking, the question of intervention is a matter within the sound discretion of the court below, which ordinarily will not be interfered with unless there is a manifest abuse of discretion: Bole *v.* Belden Transmission Co., 239 Pa. 1; Streuber's Appeal, 229 Pa. 184; Johnston *v.* Markle Paper Co., 153 Pa. 189."

We feel that the facts in this case warrant the intervention of Martin F. Connor and Stacy H. White, in order to permit the rights of all parties in interest to be adjudicated in one suit.

And now, to wit, March 17, 1930, the rule is made absolute.