## Baird *against* Campbell.

4ws191
154  613

The judgment of a justice of the peace cannot be inquired into collaterally upon any other ground than that of collusion. Hence an action of trespass will not lie against a plaintiff who recovered a judgment and collected it by execution and sale of defendant's goods, on the ground that the defendant in the judgment was never served with process.

ERROR to the Common Pleas of *Allegheny* county.

This was an action of trespass by Edward Campbell against Alexander Baird, George Harger and Joseph Livingston, in which the defendants were charged with selling and carrying away the plaintiff's goods.

Alexander Baird had obtained a judgment before a justice against Edward Campbell, the plaintiff, upon which he had an execution issued and put into the hands of Joseph Livingston, upon which the present plaintiff's goods were levied and sold. For this the defendants were charged with trespass in this action; upon the trial of which the court below permitted the plaintiff to show that the judgment of the justice was irregular; that the original process upon which it was founded had not been served upon him, and that it should not have been entered. And the court instructed the jury that they might inquire into the truth of it.

*M'Connell*, for plaintiffs in error, argued that the judgment of the justice imported verity and could not be inquired into collaterally; and cited 14 *Serg. & Rawle* 440; 10 *Watts* 101.

*M'Candless, contra.* There were so many circumstances of suspicion about the judgment, that the court could not avoid the inquiry. The transcript showed a summons returned "Served, says the constable"—not on oath—the judgment was for $99: the transcript was not certified; and the jury were satisfied it was a vile fraud concocted by the defendants. The docket of the justice under such circumstances should have been produced; 2 *Rawle* 9; 1 *Wash. C. C.* 330.

The opinion of the Court was delivered by

ROGERS, J.—It is a principle, perhaps without exception, that a judgment shall not be reversed in a collateral proceeding for anything but collusion; 10 *Watts* 102. In defiance of that rule, the court admitted evidence, the only purpose of which was to examine into the merits of the original judgment before the justice. If a defendant, after being duly summoned, omits to make defence,

he is ever afterwards precluded from showing that nothing was due in an action of trespass for an illegal seizure of his goods. The observance of the rule is necessary to protect the officer as well as the plaintiff; for otherwise, the officer who executes the writ, good on its face, would never be safe. If, however, as has been insinuated, there was a conspiracy to levy a debt where nothing was due, to which the constable or the justice was a party, an ample remedy may be had against all concerned in an action on the case. That a judgment was rendered by the justice, which is a sufficient justification to the officer and plaintiff, is shown by competent testimony, viz. by a sworn copy of the entries in the justice's docket, which, according to the case of *Welsh* v. *Crawford* (14 *Serg. & Rawle* 440), has the same effect as the original, if produced. The plaintiff might have compelled the production of the justice's docket; but unless this is done, the transcript has the same force as the original, and imports absolute verity; and we must intend that the summons was regularly served. We see nothing in the evidence which supports the assertion that the justice swore he would not say the transcript was a true copy. It was given in evidence without objection, on the oath of the justice, that it was a true copy. We are therefore of opinion that there was error in admitting the testimony in the second and third bills, and in charging the jury that there was not sufficient evidence of the judgment before the justice.

Judgment reversed.