# Sloan *versus* McKinstry.

1. Under the 17th section of the Act of 20th March, 1810, relative to justices of the peace, a transcript of a judgment obtained against a defendant intended to be forwarded to another county for proceeding thereon by *scire facias* on the judgment, may be given by a person *in possession of the docket* of the deceased justice by whom the judgment was rendered, though not himself a justice of the peace at the time of giving the transcript.

2. It was stated in the docket entry of the justice, that the summons was "returned on oath," but without returning that it had been served: It was *held,* that the judgment rendered by the justice was not void, but merely irregular, and in a *scire facias* thereon was conclusive till reversed or set aside by a legal proceeding.

ERROR to the Common Pleas of *Jefferson county.*

This was a *scire facias* in the name of J. H. Sloan, assignee of John Truby, *v.* Alexander McKinstry, issued by William Davis, Esq., a justice of the peace in and for the county *of Jefferson,* to revive a judgment rendered by David Johnston, Esq., on the 9th day of August; A. D. 1836, against the said Alexander McKinstry and one William Irvine; the said David Johnston being at that

[Sloan v. McKinstry.]

time an acting justice of the peace in *the county of Armstrong.* After the rendition of the judgment in 1836, David Johnston died, and was succeeded in the office of justice of the peace by his son, John R. Johnston, who made and certified the transcript which is the foundation of this suit; the docket of the said David Johnston, being in the possession of the said John R. Johnston, at the time of his being commissioned a justice of the peace, and still continued in his custody at the time the transcript was made out, although he had gone out of office a short time previous to his making out the transcript.

Upon the judgment rendered by David Johnston, deceased, a *scire facias* was issued by the said William Davis, Esq., on the 11th day of November, 1846, returnable the 21st day of the same month. The *scire facias* was returned, served on McKinstry, and as to Irvine, that he was not in the county. McKinstry appeared before the justice, and the cause was continued from time to time, until the 25th February, 1847, when it was tried, and judgment given against plaintiff for costs; no person being present on behalf of the plaintiff. From the judgment thus rendered, the plaintiff appealed to the Court of Common Pleas for the county of Jefferson.

The cause came on for trial in the Common Pleas on the 16th May, 1849, on the plea of payment. A special appearance had been entered for McKinstry alone, and the cause was only tried as to him.

The plaintiff offered in evidence the transcript of the judgment rendered by David Johnston, on the 9th August, 1836, which was objected to by defendant's counsel because it was certified by John R. Johnston, and not by the executors of David Johnston, and because the docket-entry of the return of summons was "returned on oath," and did not say served.

The Court below (McCALMONT, President Judge), sustained the second objection and rejected the transcript, to which plaintiff excepted.

The plaintiff then offered the depositions of John R. Johnston and Wm. W. Hastings, in connexion with the transcript, which were objected to by defendant's counsel and rejected by the Court, to which plaintiff again excepted. No further testimony was offered. The verdict and judgment were *for the defendant.*

The deposition of Johnston related to the date and amount of the judgment, and to conversations with McKinstry and with John Brown, who said that he had been appointed the agent of Irvine to settle up his business.

It was assigned for error: 1. The Court erred in rejecting the transcript of the judgment rendered by David Johnston, deceased.

2. In rejecting the depositions of John R. Johnston and Wm. W. Hastings.

[Sloan *v.* McKinstry.]

*Lucas,* for plaintiff in error.

*Gordon,* for defendant, contended that the Court properly sustained the plaintiff's objection to the transcript, 1. Because John R. Johnston had no authority to give the transcript from the docket of David Johnston. By the Acts of 20th March, 1810, 21st January, 1839, and 13th October, 1840, a justice, on the expiration of his commission, or in case of his resignation, may either retain his docket or deliver it to one in commission, who may give transcripts from it; but there is no provision in favor of one *not in commission,* giving a transcript from the docket of a former justice. 2. The transcript sets out the return of a summons, but does not show that it was served. The case is therefore to be treated as an *ex parte* proceeding, and governed by the same rules as a judgment in foreign attachment, or where there has been no notice. As to the second exception: if the transcript was not admissible upon account of its inherent defect, parol testimony could not cure it, and was therefore properly rejected.

The opinion of the Court was delivered, October 20, by

ROGERS, J.—The defendant in error contends that the Court properly sustained the plaintiff's objection to the transcript, on two grounds: 1. Because John R. Johnston had no authority to give the transcript from the docket of David Johnston; and, 2. Because the transcript sets out the return of a summons, but does not show it was served.

The first exception is disposed of by the 17th section of the Act of the 20th March, 1810. That Act enacts, "If the party defendant shall not reside in the county where a judgment is had against him before a justice of the peace, the person *in possession* of the docket in which such judgment may be entered, on application to him made by the plaintiff, or his agent, shall make out, certify, and deliver to such applicant, a transcript thereof," &c. The plaintiff has brought himself precisely within the words and spirit of the Act.

Nor do we think there is anything in the second exception. The decision is founded on an entire misapprehension of the law. The judgment is not void; if anything, it is voidable merely, and might have been reversed. If any point is settled, it is that a voidable judgment is binding and conclusive until reversed or set aside by a legal proceeding. It is needless to cite authorities in support of a principle so plain.

Judgment reversed, and a *venire de novo* awarded.