# Wilson *versus* Hayes.

1. A summons was returned "served on defendant by reading and copy." *Held*, that the service was good.

2. A summons was issued in case *sur assumpsit*, and a *narr.* was filed in which a certain sum was alleged to be due for medical services, but containing no allusion to a book account; counsel appeared d. b. e. for defendant. After the return day a copy of the plaintiff's book entries were filed—and subsequently a motion to quash the writ was disallowed, and judgment rendered against the defendant under the Act of 3d April, 1851, for want of an affidavit of defence. *Held*, that such judgment would not be reversed because it did not appear in the writ and was not averred in the *narr.* that the action was founded on a book account; if the case was not embraced in the act, the remedy was by trial after affidavit of defence; or after judgment by default, by motion to the Court.

3. It is not necessary that a copy of book entries filed be accompanied by proof, in order to entitle the plaintiff to judgment by default for want of affidavit of defence.

4. Though a part of the plaintiff's claim by book account was more than six years old, a judgment by default for the whole amount of it was not illegal, in the absence of any defence being made on the ground of the statute of limitations.

Error to the Common Pleas of *Lancaster county*.

Dr. William Hayes brought suit against John D. Wilson. The summons, issued October 25, 1851, was in case *sur assumpsit*, and was returnable 17th November. It was returned, "November 1, 1851, served on defendant by reading and copy." November 12, counsel appeared d. b. e. for defendant. November 28, copy of plaintiff's book entries filed. December 15, defendant's counsel moved the Court to set aside the service of the writ in this case,

[Wilson v. Hayes.]

as the same was not served according to law. The motion was disallowed. December 15, on motion by plaintiff's attorney, defendant's attorney objecting, judgment for $207.92 was rendered *for want of affidavit of defence*. *Fieri facias* issued to January Term, 1852, and the money was made. January 28, writ of error filed.

In the *narr.* an indebtedness was alleged to the amount of $188.58, for medical services; no reference was made to a book account. The book account related to the medical services rendered, amounting, in the aggregate, to $188.58.

The 8th section of the Act of 3d April, 1851, *Pamphlet Laws* 307, *inter alia*, provides that in all actions hereafter instituted in the Courts of Common Pleas of the several counties of this Commonwealth, on bills, notes, bonds, or other instruments of writing for the payment of money, on book accounts, &c., it shall be lawful for the plaintiff, at such time as the Court may appoint, to enter judgment by default, a declaration or statement first having been filed under the standing rules of said Court, notwithstanding an appearance by attorney, unless the defendant shall have previously filed an affidavit of defence. Provided the plaintiff shall within two weeks after the returning of the original process file in the office of the Prothonotary of the Court aforesaid, a copy of the instrument of writing, book entries, &c. The Court, in pursuance of the law, fixed the first day of each adjourned Court, after suit brought, for signing judgment.

The Court below held that it was not necessary that it should appear by the writ that the suit was instituted on a book account. That though the plaintiff might have claimed on some other cause of action than on book account, yet it was not necessary to state in the writ the nature of the evidence on which the suit was brought; that it was sufficient if this appeared by the subsequent proceedings.

The assignments of error were as follows; 1. The service of the summons is not according to law. 2. The Court erred in not setting same aside on motion of plaintiff December 15, 1851. 3. Also in rendering judgment for plaintiff for $207.92, for want of an affidavit of defence.

*Frazer*, for plaintiff in error.—It does not appear that the summons was served as the Act of 1836 requires, "*by reading the same in the hearing of the defendant, or by giving him notice of its contents, and by giving him a true and attested copy thereof.*"

As the appearing was only on condition of a legal service, it was in time to move to quash the writ before judgment. The entry of judgment was illegal for want of a proper service.

The Act depriving a party of the trial by jury should be strictly construed. The suit was not stated in the *writ* to be on book

[Wilson *v.* Hayes.]

account, it was in case *sur assumpsit;* there was nothing in the summons or declaration to inform the defendant that the suit was on *book account,* so that he might prepare an affidavit of defence. The alleged copy of book account was without notice to the defendant.

*Parke,* contrà.—The writ was served on the defendant by read-' ing and copy. Both time and manner are specified. It is not always advisable to state in the writ, or in the *narr.* the evidence by which the plaintiff expects to sustain his action. He may have several kinds of legal evidence, and if he insert one kind only, whether verbal promise, note or book account, he might be estopped from using any other. Where the claim is referred to *in general terms,* the defendant may demand a bill of particulars.

The motion to quash the writ was made too late. The appearance was five days before the return day. If the service had been irregular, the irregularity was waived by the delay to move to quash. Such a motion should be made before the plaintiff has taken any further step in the cause: 1 *Sellon* 102; 2 *Taunton* 242. The conditional appearance was sufficient to prevent judgment *for want of appearance;* as to *notice* of the filing of the copy of book account, the defendant had notice of the suit by the writ. The Act does not require notice of the filing of a copy of book account more than it does of the filing of a *narr.* The defendant being notified by the service of the writ, must take notice of such other proceeding as the law authorizes the other party to take.

The opinion of the Court was delivered, May 20, by

BLACK, C. J.—This action was instituted to recover a bill for medical attendance, of which the evidence was the plaintiff's book of original entries. The judgment was entered by the Court under the Act of 3d August, 1851, requiring an affidavit of defence. No affidavit had been made within the time prescribed by the rule of Court, nor none was tendered afterwards. The defendant's counsel objected to the judgment below, and seeks to reverse it here, because (as he says) the writ was not legally served, and because the suit is not brought on a book account.

Both these assignments of error are themselves erroneous. The service was a good one; for the sheriff read the writ to the defendant and gave him a copy besides. It is not pretended that the action was, in point of fact, brought on anything except a book account; but it is asserted that the cause of action does not appear in the writ, and that the declaration does not aver that the promise there set forth was to be established by a book. Neither was necessary. The Act requires that a copy of the book entries shall be filed by the plaintiff; and this is full notice to the defendant of the nature of the demand. It is objected, also, that the copy of the book

[Wilson *v.* Hayes.]

entries is not identified. The defendant could not possibly have mistaken it for anything else. Again, he asserts that it is not authenticated; to which it may be answered that he has himself given the best evidence of its truth by not denying it.

This proceeding was all regular. If the defendant was taken by surprise, as he alleges, his remedy was, not to come here with a technical argument, but to go before the Common Pleas with an application to open the judgment. If a proper and full affidavit had been made any time before judgment, he would have had his trial; for a judgment cannot be taken for want of an affidavit when there is one. If he had even suffered the judgment to be entered for any excusable reason, and before a trial was lost, had explained on his oath the cause of his apparent laches, and sworn to a good defence, the judgment would have been opened on equitable terms, like any other judgment by default.

The law of 1851 is a good one; and while it ought to be liberally construed, so as not be a snare for the feet of an honest but unwary defendant, it should be firmly executed, to prevent the infinite mischiefs which result from allowing men to set up false defences, *ad libitum*. It is all in vain to say that it abridges the right of trial by jury; and equally useless to complain of being compelled to abandon a defence so unfounded that it cannot be sworn to. No man should be permitted to set up a defence which he knows to be dishonest, or which he does not know to be just or legal; and I know of no better test than his oath, by which his belief can be ascertained.

A part of the plaintiff's claim was more than six years old. To that part, it was only necessary for the defendant to have said, in his affidavit, that his defence was on the statute. But not having done so, we must presume that he was conscious of having made some acknowledgment which would revive it.

　　　　　　　　　　　　　　　　　Judgment affirmed.