## Sweeney et al., Appellants, *v.* Girolo.

[Marked to be reported.]

*Practice—Service of process—Judgments, void and voidable.*

Where a summons shows a return of "served by copy," the presumption is that the service was in compliance with the act, and the judgment subsequently entered cannot be attacked in an action of replevin to recover the goods sold on execution under the judgment, although the docket of the justice of the peace who issued the execution contains the entry "served by leaving copy at place of business." The justice had jurisdiction and the judgment was not void but merely voidable, and it would therefore support the execution and sale.

*Partnership—Sale of firm goods under judgment against single partner— Holding out—Evidence for jury.*

In an action of replevin to recover goods alleged to be the property of a partnership but sold under an execution against one of the partners individually, both plaintiffs testified that they were partners. There was some evidence that the partner against whom the judgment was entered held himself out as the sole owner of the goods. *Held,* that the case was for the jury to determine whether the execution defendant had been permitted to hold himself out as the real owner of the goods.

Argued April 18, 1893. Appeal, No. 56, Jan. T., 1893, by plaintiff, E. P. Sweeney and G. W. Hoover, trading as the Curwensville Stone Co., from judgment of C. P. Clearfield Co., Sept. T., 1890, No. 299, on verdict for defendant, Andrew Girolo. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and THOMPSON, JJ.

Replevin for goods bought under an alleged invalid constable's sale.

The facts appear by the opinion of the Supreme Court.

Plaintiffs' points were among others as follows :

" 1. The judgments vs. E. P. Sweeney upon which the executions were issued and under which the constable made the sale of the property, being void for want of jurisdiction, there was no authority to make said sale, and therefore no title passed to Andrew Girolo by virtue of said constable's sale." Refused. [5]

2. As stated in opinion of Supreme Court. [6]

The court directed a verdict for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (5, 6) instructions, quoting them.

*Roland D. Swoope*, for appellants.—The judgment of a justice of the peace is not within the rules of evidence that apply to the proceedings of superior courts, and no presumptions are indulged in in its support: Crepps v. Durden, 1 Sm. L. C. 1079; Magee v. Scott, 32 Pa. 539.

The service of process was insufficient: Truitt Bros. & Co. v. Ludwig, 25 Pa. 148; Fisher v. Longnecker, 8 Pa. 410; Wall v. Wall, 123 Pa. 553; Davis v. Davis, 115 Pa. 261; Graver v. Fehr, 89 Pa. 460 ; Buchanan v. Specht, 1 Phila. 252 ; Berrill v. Flynn, 8 Phila. 239 ; Shourds v. Way, 8 Phila. 301; City v. Cathcart, 10 Phila. 103 ; Wharton v. Rosengarten, 3 W. N. 258; McKee v. McKee, 14 Pa. 231 ; Torrance v. Torrance, 53 Pa. 505 ; Shryock v. Buckman, 121 Pa. 248; Tarbox v. Hays, 6 Watts, 398 ; Thompson v. O'Hanlen, 6 Watts, 492 ; Spade v. Bruner & Carl, 72 Pa. 57; McDonald v. Simcox, 98 Pa. 619 ; Kramer v. Wellendorf, 129 Pa. 547 ; Baird v. Campbell, 4 W. & S. 191; Sloan v. McKinstry, 18 Pa. 120 ; Pantall v. Dickey, 123 Pa. 438.

Want of jurisdiction may be taken advantage of at any stage of the proceedings: Stearly's Ap., 3 Gr., Pa. 270; Hill v. Twp., 129 Pa. 525; Gates v. Bloom, 1 Adv. R. 663 [149 Pa. 107]; Wall v. Wall, 123 Pa. 553.

Even the act of 1705 will not protect a bona fide purchaser of land where the judgment is void: Shannon v. Newton, 132 Pa. 375; Burd v. Dansdale, 2 Bin. 80; Gardner v. Sisk, 54 Pa. 506; Zuver v. Clark, 104 Pa. 227.

If the judgment is void the title to the property continues the same as if there had been no sale: Hecker v. Haak, 88 Pa. 238; Shields v. Miltenberger, 14 Pa. 76; Camp v. Wood, 10 Watts, 118; O'Donnell v. Mullin, 27 Pa. 199; Herman on Executions, 419; Vansyckel's Ap., 13 Pa. 128; Camp v. Wood, 10 Watts, 118; Fowler v. Eddy, 110 Pa. 117; Wall v. Wall, 123 Pa. 553; Sharpless v. Lansing & Webb, 1 Chester Co. R. 562; Briscoe v. Stephens, 2 Bing. 213; Thompson v. Whitman, 18 Wal. 457; Lincoln v. Tower, 2 McLean, 473; Moore v. Edgefield, 32 Fed. R. 498; Gage v. Hill, 43 Barb. 44; Cavanaugh v. Smith, 84 Ind. 380; Frankel v. Satterfield, 19 Atl. R. 898; Gould v. McFall, 111 Pa. 66; Coleman's Ap., 75 Pa. 441.

The court below erred in not submitting to the jury under proper instructions the question as to the ownership of the property sold by the constable upon the executions against E. P. Sweeney: Callender v. Robinson, 96 Pa. 454.

*Allison O. Smith* and *Smith V. Wilson,* for appellee.—The judgment under which the goods were sold cannot be attacked in this proceeding: Baird v. Campbell, 4 W. & S. 191; Tarbox v. Hayes, 6 Watts, 398; Billings v. Russell, 23 Pa. 189; Sloan v. McKinstry, 18 Pa. 121; McDonald v. Simcox, 98 Pa. 623; Kramer v. Wellendorf, 129 Pa. 547.

Wall v. Wall, 123 Pa. 553, was not a collateral proceeding, and the language of the court was perhaps a mere dictum. Neither was Pantall v. Dickey, 123 Pa. 438; and the latter could have no weight here, because there is nothing on the record of the justice to show that Sweeney was a nonresident, and the court has not decided by any opinion that he so found.

Replevin is an action ex delicto. All the interest of E. P. Sweeney was sold out, even admitting for the sake of the argu-

ment merely that George W. Hoover's interest was not. How could G. W. Hoover recover in an action ex delicto by joining E. P. Sweeney's name with his? A joint action, such as this, cannot be maintained when some of the plaintiffs are shown to have no right to recover: McDonald v. Simcox, 98 Pa. 623.

. This partnership, if it ever existed prior to the time it was chartered, was never registered in the prothonotary's office, giving the names of the partners, as required under the terms of the act of April 14, 1851, Purd 1297, and E. P. Sweeney having the ostensible ownership, so far as the testimony of this case is concerned, the law will not permit Hoover to turn up now and say, " I am the partner of this man; this was my property." It would be permitting the secret contract of the plaintiffs to work a fraud on innocent and confiding creditors.

The allegation that the case of Callender v. Robinson, 96 Pa. 459, is not in point, is not sustained by the testimony, the case at bar being in its facts almost identical with this, so far as the public was concerned. .

OPINION BY MR. JUSTICE THOMPSON, May 8, 1893 :

The appellants were dealing in stone taken from their quarry. Instead of quarrying the stone themselves, they entered into an agreement with Michael Saturday, under which he was to operate it, dress and load the stone upon the cars for so much per cubic foot, and hire and pay for the labor. On June 21, 1890, summonses were issued in three actions by a justice of the peace against E. P. Sweeney, one of the appellants, and by default judgment was entered, executions were issued upon them and the property in question was sold to the appellee. Thereupon the appellants issued this writ of replevin. The docket of the justice of the peace sets forth in regard to the service of these summonses " served by leaving copy at place of business." The return of the constable upon them is " served by copy."

The two principal questions raised by the assignments of error are, (1) whether the judgments were voidable or absolutely void; and (2) whether the property of the partnership under the circumstances in this case could be sold upon an execution against a member of it.

If the judgments were voidable, until avoided, execution and

sale under them would without doubt pass title to the pur-
chaser at such sale. A sale under a judgment absolutely void
would pass no title. Such a judgment is in effect no judgment.
It has no efficacy and creates no rights. These judgments if
void must be so from want of jurisdiction, and such jurisdic-
tion is based upon either the subject-matter or the person of
the defendant. It may spring from one or both. The conten-
tion here is that all the proceedings were coram non judice,
because the docket of the justice in stating "served by leaving
a copy at place of business". shows no service upon the de-
fendant. The act of assembly provides for service either up-
on defendant personally, or by leaving a copy at his dwelling
house with an adult member of his family, or an adult mem-
ber of the family with whom he boards. A service by leaving
it at his place of business is not a compliance with this act.
In Winrow v. Raymond, 4 Pa. 501, it was held that the service
of a copy at the countinghouse of defendant, with his agent
or clerk, was an illegal service. While the justice's docket
shows this memorandum, the summonses themselves show the
return upon them to be "served by copy." There is nothing
to show by it that the service of the copy was not made in the
manner as required by the act of assembly, and the presump-
tion is that the service was so made. In Sloan v. McKinstry,
18 Pa. St. R. 121, the summons was "returned on oath,"
and it was held that such a return was irregular only and ren-
dered the judgment not void but voidable. While it is mani-
fest that the return in this case should have been more specific,
yet the failure to make it so is but an irregularity. Returns of
this character have been held sufficient to sustain judgments.
They may render them voidable but not necessarily void. In
Baird v. Campbell, 4 W. & S. 191, the return was "served."
It was alleged in effect there was no service on defendant, yet
it was held there the judgment was valid and could not be at-
tacked collaterally. In Tarbox v. Hayes, 6 Watts, 398, the re-
turn was "served at a boarding house where defendant had
been boarding previously," and it was held the judgment was
a valid one. In McDonald v. Simcox, 98 Pa. 623, it was con-
tended that the judgment was void, the summons not having
been made returnable not more than eight days nor less than
five days from the date thereof, as required by the act of 1810.

It was there said : " It is settled law that the regularity of a judgment of a court having jurisdiction of the subject-matter cannot be questioned in a collateral proceeding.  Although a judgment recovered before a justice of the peace be irregular, yet if he has jurisdiction of the subject-matter, the only redress of the defendants there is by certiorari.  If they acquiesce therein by taking no steps to reverse it, they thereby make it as good and valid as if all the prerequisites of the law had been observed.  A title to property acquired under judgment and execution cannot be defeated by proving some defect in the original process.  The judgment of every court pronounced on a subject within its jurisdiction is conclusive and binding on all other courts except those only before which it comes by appeal, certiorari or writ of error."  The summonses in this case show a return " served by copy."  They thus show a service.  The objection is that there was no regular service, and goes to the regularity of the proceedings.  If so, the objection is one as to regularity, and until the judgments are reversed they are not void but only voidable.  In Billings v. Russell, 23 Pa. 189, it was held that where a judgment is given by a court having jurisdiction of the subject-matter, its regularity cannot be questioned in a collateral proceeding.  At the time of the execution and sale these judgments were voidable not void, and therefore in this case could not be successfully attacked collaterally.  In Kramer v. Wellendorf, 129 Pa. 549, it is said by Mr. Justice STERRETT: " When this case was here two years ago we held that the judgment of the justice on which the execution was issued was not void by reason of alleged irregularities or otherwise ; that, at most, it was merely voidable, and hence it was sufficient to support the execution on which the property in controversy was sold to the beneficial plaintiff, Mrs. Kramer: Kramer v. Wellendorf, 18 P. L. J. 139."

There is nothing in the present record to warrant any other conclusion.  The justice had jurisdiction of the cause of action ; and, conceding for argument's sake merely the existence of irregularities and errors for which the judgments might and ought to have been reversed, they were not void but merely voidable.  The fifth assignment of error is therefore not sustained.

The sixth assignment of error is that the court below erred

in refusing to affirm plaintiff's second point, which point and answer are as follows, viz.:

"Even if the constable had had authority to make the sale he could not sell the property of the Curwensville Stone Company upon an execution against E. P. Sweeney, and therefore if the jury is satisfied from all the evidence in the case that the property belonged to the Curwensville Stone Company, then the plaintiffs are entitled to recover in this case. *Answer:* Under the evidence in the case as to the manner in which this business was conducted we decline to so instruct you."

The appellant Sweeney testified that he and Hoover, the other appellant, were partners, and had been such since the latter part of April, 1890; that they called themselves the Curwensville Stone Company; that the firm may have been known under the name of Sweeney and Company, but from the first it was the Curwensville Stone Company; that he, Sweeney, had general charge; that the firm had a contract with Saturday to get out the stone and they paid him so much per cubic foot, and that he was to hire and pay the men. Hoover, the other appellant, testified that he and Sweeney were partners, under the firm name of Curwensville Stone Company. That Mr. Sweeney had general supervision of the quarry and looked after it. Orders for goods and merchandise were given by Sweeney, some signed Sweeney & Company, and one only signed E. P. Sweeney. That the property belonged to the appellants, whether trading as E. P. Sweeney & Company or Curwensville Stone Company, seems to be established. If this is so, the levy and sale under the judgment against E. P. Sweeney could not divest the title of the firm to it. If however Sweeney was permitted to hold himself out to the world as the owner of the quarry, and as such conducted the business and obtained credits, the property might be liable for the debts thus contracted. The question therefore was whether Sweeney had been permitted to hold himself out to the world as the only person conducting the business, and as the owner of the property. This was a question for the jury and should have been submitted to them. The learned judge therefore erred in taking it from them, and this assignment of error is sustained.

Judgment reversed and a venire facias de novo awarded.