# Rakowski et ux. *v.* Rosenthal, Appellant.

*Justice of the peace—Judgment—Voidable judgment—Knowledge—Certiorari—Husband and wife—Appearance by wife for husband—Principal and agent—Acts of January 12, 1705, 1 Sm. L. 61, and March 20, 1810, P. L. 208—Sheriff's sale—Title.*

1. Where a husband and wife are sued before a justice of the peace, and the wife who is alone served, appears and confesses judgment for herself and her husband, the judgment against the husband is voidable, and if he does not sue out a writ of certiorari within a reasonable time after he has knowledge of it, it becomes binding upon him. Under the Act of March 20, 1810, P. L. 208, a party before a justice of the peace may appear by an agent.

2. In such a case where the transcript of the judgment is filed in the common pleas and execution is issued thereon, and real estate owned by the husband and wife by entireties is sold by the sheriff, the vendee at the sheriff's sale takes a good title therein.

3. It seems that, even if, on a certiorari issued after the sheriff's sale, the judgment had been set aside, the title of the sheriff's vendee would, under section 3 of the Act of January 12, 1705, 1 Sm. Laws 59, have been unaffected.

Argued October 17, 1919. Appeal, No. 98, Oct. T., 1919, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1917, No. 2085, on verdict for plaintiffs in case of George Rakowski and Sophia Rakowski, his wife, v. Samuel Rosenthal. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Reversed.

Ejectment for land in Homestead Borough. Before SHAFER, P. J.

Verdict and judgment for plaintiff by the instruction of the court. Defendant appealed.

*Error assigned* was refusal of motion for judgment for defendant n. o. v.

*W. L. McConegly,* with him *P. M. Cancelliere,* for appellant.—The judgment is good, as the record shows that Sophia Rakowski, the wife, appeared for herself and her codefendant: Barber v. Chandler, 17 Pa. 48.

At most the judgment is but voidable, and the defendant is protected by the Act of January 12, 1705, 1 Sm. L. 59, Section 9 (Purdon's Digest, 13th Ed., Vol. 1, Page 1195): Feger v. Kroh, 6 Watts 294; Hays v. Shannon, 5 Watts 548; Duff v. Wynkoop, 74 Pa. 300; Shannon v. Newton, 132 Pa. 375; Lengert v. Chaninel, 208 Pa. 229.

*C. W. Sypnewski,* for appellees.—The judgment was void: Mahoning County Bank's App., 32 Pa. 158; In re Sedgeley Ave., 88 Pa. 509; Camp v. Wood, 10 Watts 118; Murdy v. McCutcheon, 95 Pa. 435; Wall v. Wall, 123 Pa. 545; Hickey v. Conley, 24 Pa. Superior Ct. 388; Lacock v. White, 19 Pa. 495; McKinney v. Brown, 130 Pa. 365.

The judgment being void the appellant is not protected by section nine of the Act of January 12, 1705, 1 Sm. L. 59; Caldwell v. Walters, 18 Pa. 79.

OPINION BY MR. CHIEF JUSTICE BROWN, January 5, 1920:

The plaintiffs in this ejectment, who are husband and wife, showed a good title by entireties to the land in dispute, acquired by a deed to them dated April 27, 1911. The defendant's predecessor in title was the vendee at a sheriff's sale of the plaintiffs' interest in the land. The sheriff's deed, dated April 17, 1915, and the judgment in the court of common pleas upon which the execution had

issued, were offered in evidence and established title in the defendant, as the vendee of the sheriff's vendee, to the interest which the plaintiffs had formerly owned. The judgment on which execution issued against the appellees had been entered on the transcript of a judgment obtained against them before a justice of the peace. In rebuttal, after showing that the transcript of the proceedings before the justice of the peace which had been filed in the common pleas, and upon which the judgment had been entered, could not be found, the plaintiffs called the justice of the peace, who produced his original entries in the suit before him, in which he had entered judgment against them. These entries, offered in evidence by the plaintiffs, while showing that the summons had been served on Sophia Rakowski alone, disclosed the following judgment by the justice: "And now, December 15, 1914, 10 o'clock a. m., Joseph Glick, the plaintiff, appears and is sworn, claims the sum of ($103.78) dollars due him from the defendants, George Rokowsky and Sophia Rokowsky, his wife, for meat furnished them to their orders, and is a just and true debt and is of record on the book of original entry. And now, December 15, 1914, 10 o'clock a. m., Sophia Rokowsky, one of the defendants, appears for herself and George Rokowsky, and confess judgment, and now, after hearing the proof and allegations, judgment rendered in favor of the plaintiff, Joseph Glick, and against the defendants, George Rokowsky or George Rakowsky and Sophia Rokowsky or Sophia Rakowsky, his wife, in the sum of ($103.78) dollars and cost of suit." As the summons had not been served on George Rakowski, the learned trial judge was of opinion that the judgment entered against him by the justice was void, and, as his wife's interest in the land could not be taken in execution during his lifetime, their estate being by entireties, a verdict was directed in their favor. This was sustained by the court in banc, in refusing defendant's mo-

tion for judgment, and, from that entered for the plaintiffs on the verdict, we have this appeal.

The Act of March 20, 1810, P. L. 208, provides: "If the parties appear before the justice, either in person or by agents, the justice shall proceed to hear their proofs and allegations," and "give judgment publicly, as to him of right may appear to belong." If a defendant sued before a justice of the peace is not served with the summons and does not appear at the time fixed for the hearing, the justice is of course wholly without jurisdiction, but if he does appear, whether served with the summons or not, the justice does have jurisdiction. The appearance may, by the express words of the statute, be in person or by agents, and it is a waiver not only of the service of the summons and of defect in the service, but even of the issuance of the writ itself: Zion Church v. St. Peter's Church, 5 W. & S. 215; Lupton & Company v. Moore et al., 101 Pa. 318; Miller v. Warden Frew & Company, 111 Pa. 300.

In the present case it appears from the evidence submitted by the plaintiffs themselves that both had appeared before the justice of the peace—the wife in person and the husband through her as his agent. On the trial below he did not offer himself as a witness to dispute her authority to appear for him, though he could not very well have done so after offering in evidence the entries of the justice, showing that she had so appeared. Those entries were presumptive evidence of her authority to appear for him. "A party before a justice is allowed to appear by an agent. There is no form of law constituting such agency. The justice is the judge of the authority; and, after the judgment of the justice, it is to be taken prima facie that the agent had authority to represent the principal": Barber v. Chandler, 17 Pa. 48. Clearly the judgment entered by the justice of the peace against the husband was not void, and, even if voidable, is not open to attack in this proceeding against the defendant, the evidence of whose title is a sheriff's

deed executed and delivered in pursuance of strictly regular proceedings in the common pleas. The sheriff's vendee was affected only by the state of the record in that court at the time the sale was held: Budd v. Oliver, 148 Pa. 194.

The husband admittedly had notice, more than six months before this action was instituted, of the judgment entered against him by the justice of the peace, and it was his duty to sue out a writ of certiorari within a reasonable time after he had knowledge of it, if he wished to have it set aside; otherwise he would be bound by it: Harper v. Biles, 115 Pa. 594. But even if on a writ of certiorari issued after the sheriff's sale, the judgment had been set aside, the title of his vendee would, under section 9 of the Act of January 12, 1705, 1 Smith's Laws 61, be unaffected: Shannon v. Newton, 132 Pa. 375.

For the reasons stated, the judgment is reversed, and is here entered for the defendant non obstante veredicto.