# Podol *v.* Shevlin, Appellant.

*Practice, C. P.—Service of process—Defect in service—Cure of defect—Sheriff's sale—Judgment—Voidable judgment—Fraud—Act of 1705, 1 Sm. L. 57.*

1. A judgment entered after a defective service of process is not void, but at the most voidable.

2. The proper time for a defendant to question a judgment entered after a defective service, is not later than the acknowledgment of the sheriff's deed for property sold under the judgment.

3. Under the Act of 1705, 1 Sm. L. 57, after acknowledgment of a sheriff's deed, the validity of a purchaser's title cannot be ques-

tioned in any collateral proceeding involving the title, except for absence of authority or presence of fraud.

Argued May 5, 1925.   Appeal, No. 305, Jan. T., 1925, by defendant, from judgment of C. P. No. 5, Phila. Co., June T., 1924, No. 4204, for plaintiff on the pleadings, in case of Benjamin Podol v. Mary A. Shevlin.   Before MOSCHZISKER, C. J., WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Ejectment for one-half interest in premises 4468 Germantown Ave., Philadelphia.   Before MARTIN, P. J.

The opinion of the Supreme Court states the facts.

Judgment for plaintiff on the pleadings under the Act of June 7, 1915, P. L. 887.   Defendant appealed.

*Error assigned* was, inter alia, judgment, quoting record.

*Henry A. Hoefler,* for appellant.—The sheriff's vendee acquires no title whatever under the judgment: Hecker v. Haak, 88 Pa. 238; Shannon v. Newton, 132 Pa. 375; Caldwell v. Walters, 18 Pa. 79.

*Theodore F. Jenkins,* for appellee.—The sheriff's deed cannot be collaterally attacked: Heister v. Fortner, 2 Binney 40; Allison v. Hankin, 7 S. & R. 269; Arnold v. Gorr, 1 Rawle 223; Feger v. Kroh, 6 Watts 294; Tarbox v. Hays, 6 Watts 398; Crowell v. Meconkey, 5 Pa. 168; Shields v. Miltenberger, 14 Pa. 76; Wilson v. Hayes, 18 Pa. 354; Cook v. Thornton, 108 Pa. 637; Shannon v. Newton, 132 Pa. 375; Sweeney v. Girolo, 154 Pa. 609; Lengert v. Chaninel, 208 Pa. 229; Clough v. Welsh, 229 Pa. 386; Collins v. Phillips, 236 Pa. 386.

OPINION BY MR. JUSTICE SCHAFFER, June 27, 1925:

The action is ejectment and the court entered judgment for plaintiff on the pleadings; defendant appeals.

. The whole case is within a nutshell. Plaintiff claims on a sheriff's deed; defendant argues that the judgment on which the execution issued which brought about the sale was void because of the return on the writ of summons.

Defendant was sued before a magistrate on a claim for goods sold and delivered. The constable returned the writ "Served on defendant by producing the original summons at her residence in the presence of an adult member of the family and leaving a true and attested copy of the same on the premises he refusing to accept the same." Appellant contends that this return of the service was invalid and the judgment which was rendered against her void.

The Service Act of July 9, 1901, P. L. 614, provides that a writ of summons not served personally shall be served by "handing a true and attested copy thereof to an adult member of his family, at his dwelling house; or by handing a true and attested copy thereof, at his place of residence, to an adult member of the family with which he resides."

The judgment of the magistrate was transcripted to the common pleas and a fi. fa. was issued thereon. The record shows defendant had notice of the levy and inquisition on this writ. This was followed by a vend. ex., sheriff's sale and sheriff's deed to plaintiff.

Even admitting, for the purposes of argument, that the return was not proper, it does not follow that the judgment was void because of that fact. At most it was voidable and not void (Tarbox v. Hays, 6 Watts 398; Baird v. Campbell, 4 W. & S. 191; Sloan v. McKinstry, 18 Pa. 120; Wilson v. Hayes, 18 Pa. 354; Sweeney v. Girolo, 154 Pa. 609; Rakowski v. Rosenthal, 266 Pa. 108), and the proper time for defendant to have questioned it was not later than the acknowledgment of the sheriff's deed: Crowell v. Meconkey, 5 Pa. 168; Shields v. Miltenberger, 14 Pa. 76. After acknowledgment of a sheriff's deed the validity of a purchaser's title cannot

be questioned in any collateral proceeding involving the title, except for absence of authority or presence of fraud: Cock v. Thornton, 108 Pa. 637; Mencke v. Rosenberg, 202 Pa. 131. "The defendant, appellee, being a bona fide purchaser at sheriff's sale of the premises involved in this controversy, is protected by the Act of 1705, provided the judgment under which the property was sold warranted the execution. This act was passed to protect the titles of purchasers, and has been repeatedly held a complete protection against every defect or irregularity, excepting when the judgment was void upon its face": Shannon v. Newton, 132 Pa. 375, 381. See also Lengert v. Chaninel, 208 Pa. 229; Clough v. Welsh, 229 Pa. 386; Collins v. Phillips, 236 Pa. 386; Rakowski v. Rosenthal, 266 Pa. 108.

The case at bar is readily distinguishable from Hecker v. Haak, 88 Pa. 238, on which appellant mainly relies, where the judgment was against a married woman and void on its face.

The action of the learned president judge of the court below in entering judgment in favor of plaintiff on the pleadings had full warrant of law.

The judgment is affirmed.