## Rawlings v. Lewert et al.

*Judgments—Justice's court—Entry against husband and wife—Summons against husband—Wife made party defendant by amendment at hearing—Act of May 4, 1852—Notice—Certiorari.*

1. Where the summons is issued by an alderman against a husband, and his wife is made a nominal party defendant by amendment at the hearing on motion of plaintiff's attorney, the judgment subsequently entered against her is voidable and she will not be denied relief if she acts promptly after becoming acquainted with the facts.

2. The Act of May 4, 1852, P. L. 574, relating to amendments, does not authorize acquiring jurisdiction of a person in such manner.

3. Where the first notice the wife had was when judgment on the transcript had been put in execution by a *fi. fa.*, and she sued out a writ of *certiorari* three days after service of the *fi. fa.* by the sheriff, she acted with reasonable promptness.

*Certiorari.* C. P. Lackawanna Co., Oct. T., 1926, No. 1172.

*H. A. Kolb,* for plaintiff; *L. D. Savige,* for defendants.

NEWCOMB, P. J.—The writ is taken on behalf of Emma Lewert, wife of the other defendant, to test the validity of a judgment entered against both by an alderman.

The summons went out against the husband alone and there was no presence of service as to the wife. She appeared neither in person nor otherwise. The only means by which she was made a nominal party was by "amendment" at the hearing, on motion of plaintiff's attorney, adding her name as defendant. This was thought by counsel to be authorized by the Act of May 4, 1852, P. L. 574, relating to amendments.

This has been a very useful statute; but it is a mistake to suppose that it authorizes any court, either of record or not of record, to get jurisdiction of the person in that way so as to subject him to definitive judgment.

Hence, the judgment entered here was at least voidable as against Mrs. Lewert. The only question is whether she has slept on her rights and is now barred for not taking timely action after notice brought home to her of the existence of the judgment.

She sued out this writ on Aug. 3rd, this year. That was three days after judgment on the transcript had been put in execution by *fi. fa.* For anything we can discover to the contrary, that was the first thing that had happened which was well calculated to give her notice. True, the judgment was then ten months old and the transcript had been filed on July 13th. That carried notation of an execution issued by the alderman as early as February, which had been returned *nulla bona* by his constable.

Plaintiff's counsel lays stress on that fact and contends that appellant must be held to have had notice by reason of the execution in the hands of the constable; but one is not favorably impressed with that view. In the light of the merely technical form of return, it would be an arbitrary assumption to hold that it imports notice to defendant. The sheriff made a levy. It must be presumed he first made demand on defendants, as the law requires. If the constable made known to appellant that he had a writ, the fact could readily be shown, as the location of his office is well known and is scarcely a hundred yards from the court-house. The earliest notice, therefore, to be now gathered from the record is that which is normally referable to a *fi. fa.* in the sheriff's hands. Admittedly it is so, unless the like effect is to be given to the constable's writ of earlier date.

Rawlings v. Lewert et al.

Plaintiff's counsel cites Rakowski v. Rosenthal, 266 Pa. 108, as ruling this case. But on a little attention to the controlling facts it becomes apparent that it is not in point.

In the first place, the question was there raised in a collateral issue on a title founded upon the voidable judgment. But what was more conclusive was the fact of the wife's assumption of agency to bind the husband at the outset, which, from start to finish, he had never questioned. The point there decided is without material bearing on the question now at stake.

Judgment went against this woman gratuitously, and she is entitled to relief.

The exceptions are sustained, and as to Emma Lewert the judgment is reversed.                                   From William A. Wilcox, Scranton, Pa.