### Schekter v. Katler. Appeal of Konqueror Building and Loan Association.

Argued December 14, 1928.

Before Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.

*Benj. H. Levintow,* and with him *Samuel E. Kratzok,* for appellant.—The holder of the junior encumbrance has the right to question the validity of a sheriff's sale upon an execution on a prior encumbrance: Tigue v. Banta, 176 Pa. 414; Weaver v. Henninger, 1 District & County Reports 167; Phillips v. Wilson, 164 Pa. 350.

*Joseph P. Gaffney,* and with him *Frederick W. Bauer,* for appellee.—The setting aside or refusal to set aside a sheriff's sale is in the sound discretion of the court below: Snyder v. Snyder, 244 Pa. 331; Watkins v. Justice, 256 Pa. 37; Lefever v. Kline, 294 Pa. 22.

OPINION BY KELLER, J., January 25, 1929:

Mere inadequacy of price, without more, is not a sufficient ground for setting aside a sheriff's sale of real estate: Nutt v. Berlin Smokeless C. & C. M. Co., 262 Pa. 417; Stroup v. Raymond, 183 Pa. 279, 283; Felton v. Felton, 175 Pa. 44; Hollister v. Vanderlin, 165 Pa. 248; Cake v. Cake, 156 Pa. 47. On the other ground relied on to set aside the sale, fraud, the court below found against the petitioner and appellant. The evidence on the subject is not clear enough to warrant us in reversing its finding. The setting aside of judicial sales is a subject peculiarly within the discretion of the court below, and its action will not be reversed except in a clear case of abuse of that discretion: Laird's Appeal, 2 Pa. Superior Ct. 300, 304; Stroup v. Raymond, supra, p. 281; Germer v. Ensign, 155 Pa. 464; Ritter v. Getz, 161 Pa. 648.

In the light of the court's finding, and our statement above concerning it, further discussion would be to no profit.

The appeal is dismissed.