Public Security Company *v.* Turnbull, Appellant.

Argued October 15, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

*Matthew Randall,* and with him *Clinton A. Sowers,* for appellant.

*Samuel E. Kratzok,* for appellee.

OPINION BY BALDRIGE, J., January 30, 1931:

The setting aside of a judicial sale of real estate is a matter within the sound discretion of the court below and its action will not be disturbed except in a clear case of abuse of discretion: Schekter v. Katler, 95 Pa. Superior Ct. 226. If one is seeking such equitable relief, he must act promptly. It is too late to seek the court's aid after the acknowledgment, delivery and recording of the deed; the title has then passed and the court is without power to act: Evans v. Maury, 112 Pa. 300; Media T. & T. Co. v. Kelly et al., 185 Pa. 131; Lengert v. Chaninel, 208 Pa. 229.

This appellant, on the 26th of August, 1927, borrowed from the Public Security Company, the sum of three hundred dollars, and as evidence of the loan, gave her judgment note, which was entered of record. Payments were made on account thereof until October 15, 1928, when there remained due seventy-five dollars.

On that date, the appellant made an additional loan of three hundred dollars, paying therefrom the balance due on the original loan. The main controversy was, whether or not the parties had agreed that the new note was not to be entered of record in order to save costs, and that the old note was not to be satisfied, but was to be held as collateral. The court found on sufficient evidence that such was the arrangement. Upon the appellant's default in payment on the second note, execution was issued by the appellee under the original judgment and the appellant's real estate, located at 2204 West Oxford Street, Philadelphia, was sold, and proceedings were instituted by Max Cutler, the purchaser, to obtain possession; thereafter, the appellant petitioned the court to stay the writ of possession, set aside the sheriff's sale, and open the judgment. As the deed, in the meantime, had been acknowledged, delivered and recorded, the appellant's tardiness was fatal to this appeal. It was stated at bar by the appellee, and it was conceded by the appellant, that since this appeal, the premises have been sold at sheriff's sale on a writ issued by the holder of the first mortgage and the purchaser has taken possession thereof, so that the question before us is merely academic.

Decree is affirmed.