Seminole B. & L. Assn. *v*. Levit, Appellant.

Argued October 3, 1932.

Before TREXLER, P. J., KEL-LER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Henry W. Balka,* for appellant.

*Emanuel Moss* of *Moss and Moss,* for appellee.

OPINION BY BALDRIGE, J., December 16, 1932:

This appeal followed the discharge of a rule to show cause why a sheriff's sale should not be set aside.

On January 29, 1931, plaintiff entered judgment against the defendant under a bond secured by second mortgage on the premises known as 2128 North 58th Street, Philadelphia; damages were assessed at $2,-171.68. On December 7, 1931, the premises were sold at sheriff's sale to the plaintiff. On December 14, 1931, the sheriff executed and acknowledged a deed to the purchaser. Defendant obtained a rule on March 29, 1932, to show cause why the sheriff's sale should not be set aside for the reasons that (1) no notice of the entry of the judgment had been given to him; (2) there was no legal service of the writ; (3) the property was sold for $50, a grossly inadequate price. On April 6, 1932, plaintiff filed an answer denying these averments.

The defendant alleges that no opportunity was given him to take depositions in support of the averments in his petition, but the record shows that no oral or written request was made so to do. On the record before us, and we must be guided thereby, it is doubtful, for reasons appearing later, if depositions would have been helpful. Rule 96 of the court of common pleas of Philadelphia County provides that no execution shall issue upon a judgment entered on a bond accompanying a mortgage, unless a written notice of the date of the entry of the judgment, with the court, term and number thereof, has been sent by registered

mail to the owner of the mortgaged premises. The plaintiff, in its answer, denied the failure to comply with that rule, and averred, to the contrary, that a written notice, dated January 29, 1931, was sent by registered mail by plaintiff's attorney, in compliance with this rule, to the address of the defendant, and that the registered receipt was returned, signed by the wife of the defendant, as shown by the affidavit of service filed in this proceeding. The answer further averred that on February 9, 1931, the plaintiff's attorney wrote again to defendant, informing him that foreclosure proceedings had been started and that defendant thereupon communicated with plaintiff's attorney and made promises to pay dues, interest and premiums in arrears. We conclude, therefore, that the plaintiff complied with the rules of the court.

The record discloses that the sheriff's return shows that a proper and legal notice was given of the sheriff's sale, as required by law; this return cannot now be contradicted. If there was any mistake or oversight upon the part of the sheriff, or if the return was false, the defendant has his remedy by action against the sheriff. It has been frequently ruled that in the absence of fraud, which is not here alleged, a sheriff's return, full and complete on its face, is conclusive upon the parties, and cannot be set aside on extrinsic evidence: Diller v. Roberts, 13 S. & R. 60, 64; Miller Paper Co. v. Keystone Coal & Coke Co., 267 Pa. 180, 110 A. 79; Podol v. Shevlin, 284 Pa. 32, 130 A. 264; Rittenberg et al. v. Stein & Specht, 97 Pa. Superior Ct. 554; Public Security Co. v. Turnbull, 100 Pa. Superior Ct. 367.

Nor do we find any merit in the contention that the property was sold at an inadequate price. The plaintiff's mortgage was the second lien, and, as appears in the answer, the defendant was not only in arrears in his payments under the plaintiff's mortgage, but he

had failed to pay the taxes, water rent, as well as the interest on the first mortgage of $4,200, which the plaintiff paid in order to protect the security of its mortgage. In addition thereto, the plaintiff averred that "it is now and always has been ready and willing to reconvey the said premises to the defendant upon reimbursements to it of the amount which plaintiff has invested in said premises." The defendant has shown no indication to comply with this fair offer and is not, therefore, in a position to allege that injustice has been done him. Nothing appears in this record to interfere with the discretion exercised by the learned court below.

Decree is affirmed.