## Wilson et al. v. McHale

*J. Josiah Ratner*, for exceptants.

*Francis J. McCarthy*, contra.

BOK, P. J., January 13, 1942.—Defendant has filed exceptions to the master's return of sale in the present partition proceedings in equity.

Thomas McCaffrey died in 1936 seized of certain real estate in Philadelphia and Montgomery Counties which he devised to his children, grandchildren, and son-in-law in certain prescribed shares. Thereafter, a bill in partition, which was filed on behalf of all other parties in interest against defendant, was taken pro confesso. A decree in partition followed. A master was appointed who, after several hearings, filed an interlocutory report making certain specific awards of property to several of the plaintiffs and recommending the public sale of the remaining real estate located in Philadelphia and Montgomery Counties. Upon consideration of the interlocutory report, the court entered an order directing such sale at public auction.

The master's return of sale recites the employment of duly-licensed auctioneers to make these sales, the prior

advertisement in newspapers, circulars, posters, and signs, and the actual conduct of the sales in Philadelphia County on October 14, 1941, and in Montgomery County on October 16, 1941. Paragraphs 5, 6, and 7 of the master's return follow:

"5. No written notice was sent of the time and place of holding the said sale to the parties involved, the said information having been conveyed personally by the master to counsel for all parties, and the newspaper advertisements above referred to having appeared September 25, October 5, and October 12, 1941.

"6. The said sales were had at the times and places specified; they were well attended, and the parcels were knocked down to the highest bidder after considerable bidding.

"7. At each sale, counsel for the defendant, Emma V. McCaffrey McHale, announced publicly that she did not consent to the said sale, stating as the reason for such action that she had not the notice of the sale required by law."

According to the master's return, the Philadelphia properties were bid in at prices above their appraised valuations and the Montgomery properties, considerably below their appraisals. Subsequently, the master was advised that two of the Philadelphia properties exposed were subject to ground rents and, accordingly, he has advised the highest bidders of these facts and now awaits their replies. The highest bidder of another Philadelphia parcel seeks to be relieved of his commitment and the master has recommended his release on the ground that the property can now be disposed of for more than that which could be had by insisting upon completion of the sale. The master also has received an offer for another parcel which is considerably higher than that bid at the auction sale. With the exception of these four properties, the master seeks confirmation of the sales effected.

Defendant excepts to the master's return on the

ground that the newspaper notices were published less than 60 days prior to the dates of the sales as required by the Act of April 11, 1799, 3 Sm. L. 386, sec. 2, 12 PS §1691.

Section 5 of the Act of July 7, 1885, P. L. 257, as amended, 12 PS §1724, provides:

"Whenever a bill shall be filed in any court having equitable jurisdiction in cases in partition, and the master or master and commissioner, to whom the proceedings have been referred, have reported that the lands or tenements cannot be divided without prejudice to or spoiling the whole, and the parties have refused to take the same at the valuation, then it shall be the duty of the said court to order the master to make sale thereof at public auction, giving the like notice that is required in sales under proceedings in partition in the common law courts."

The notice required in sales in partition actions in common-law courts is governed by section 2 of the Act of 1799, supra, which provides, inter alia:

". . . and in case none of the said parties shall agree to take the said lands and tenements on the terms aforesaid, then the said Court shall and may, at the instance of the demandant in the said partition, make an order for the sale of the said lands and tenements at public auction, by the Sheriff who shall have holden the said inquisition, or his successor in office, after due and fair notice of the time and place of such sale, by advertisements published and set up in the several counties where the lands lie, and also in such public newspapers as shall be most likely to give fair and full notice of such sale to all the parties, concerned and others, which public notice shall be given at least twenty days before the time of sale, in cases where the lands all lie in the same county, and at least sixty days, where the lands lie in different counties; . . ."

In the present case, at the very most, only 19 days' newspaper notice was given with regard to the Phila-

delphia parcels and only 21 days with respect to the Montgomery properties.

The statutory language is that the required "public notice *shall* be given *at least* twenty days before the time of sale in cases where the lands all lie in the same county, and *at least* sixty days, where the lands lie in different counties. . . ." (Italics supplied.) In Kuzmen v. Kamien et ux., 139 Pa. Superior Ct. 538, 541 (1940), it is said:

"Whether the word *shall* is to be regarded as mandatory or is directory merely is to be determined by what is intended by the statute. The word is generally regarded as imperative: *Nat. Transit Co. et al. v. Boardman,* 328 Pa. 450, 197 A. 239. 'Whether a statute is mandatory or not depends on whether the thing directed to be done is of the essence of the thing required': *Deibert v. Rhodes,* 291 Pa. 550, 140 A. 515." In the instant case, the governing statute uses not only the word "shall" but also the phrase "at least".

The purpose of the act evidently was to apprise all parties in interest of the forthcoming sale and to give sufficient public notice to the end that the highest possible bids could then be obtained. Cf. First National Bank of Koppel, for use, v. Mount et al., 132 Pa. Superior Ct. 518, 524 (1938). In a number of lower court cases in this State dealing with execution sales, it has been held that the absence of strict compliance with statutory requirements of notice will not afford a basis for vacating a sale where the parties in interest have had actual notice thereof, and where there has been no injury as a result of the deviation from the terms of the statute: Fidelity Ins. Co. v. Clendenon, 6 W. N. C. 236 (C. P. 1, Philadelphia Co., 1871) ; McDonnell v. Winton, 3 Del. Co. 199 (C. P. Lackawanna Co., 1887) ; Eberly, Admx., v. Billingsfelt (No. 2), 20 Lanc. L. R. 111 (C. P. Lancaster Co., 1903) ; Jones v. Vail, 5 Lack. Jur. 257 (C. P. Lackawanna Co., 1904) ; Lazaran et al. v. Semans et al., 1 Wash. Co. 225 (C. P. Greene Co.,

1921); Best v. Blue Ridge Water Supply Co., 20 Northamp. 55 (C. P. Northampton Co., 1925). Cf. East Side Land Co. v. Vadas, 3 Westm. 37 (C. P. Westmoreland Co.); Glenside Lumber & Coal Co. v. Cameron et al., 53 Montg. 109 (C. P. Montgomery Co., 1937).

The master's return does state that personal notice was given to counsel for all parties, without specifying the length of such notice, that the sales were well attended, and that there was considerable bidding. However, as previously noted, it appears from the return of sale that the Montgomery County properties were bid in at prices considerably below their appraisals and that the master is now able to secure substantially higher prices for two of the Philadelphia properties exposed to sale. Thus, we cannot say that no possible injury to any of the parties in interest has resulted from the failure to comply with the statutory provisions. Had the full 60 days' notice been given, it is quite possible that higher bids would have been received on many of the other parcels in addition to those already mentioned.

The setting aside of a judicial sale is a subject peculiarly within the discretion of the court having jurisdiction over the matter: Schekter v. Katler, 95 Pa. Superior Ct. 226 (1929); Public Security Co. v. Turnbull, 100 Pa. Superior Ct. 367 (1931). It may be conceded that confirmation of a master's sale ordinarily should not be denied merely because of the subsequent receipt of higher offers for the properties exposed. However, where, as here, the notice provisions of the governing statute have not been followed and where the court is not satisfied that injury has not resulted therefrom, this judicial discretion should be exercised in favor of the complaining party. In view of all the circumstances in this case, defendant's exceptions to the return of sale must be sustained.

*Decree nisi*

And now, January 13, 1942, it is ordered, adjudged, and decreed that defendant's exceptions to the master's return of sale be sustained and that confirmation thereof be denied. Another public sale in conformity with the order of October 7, 1941, is hereby directed. This decree is to become final unless exceptions thereto are filed within 10 days of the date hereof.