J-S40030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JUSTIN A. FORD, | : | |
| | : | |
| Appellant | : | No. 263 EDA 2017 |

Appeal from the Order October 4, 2016
In the Court of Common Pleas of Northampton County
Criminal Division at No(s):  CP-48-CR-0000796-2002

BEFORE:  OTT, DUBOW, JJ., and STEVENS, P.J.E. [*]

MEMORANDUM BY DUBOW, J.:                    **FILED JULY 13, 2017**

Appellant Justin A. Ford appeals *pro se* from an Order of the Northampton County Court of Common Pleas dismissing his Motion for Return of Property as untimely filed.  After careful review, we affirm.

On December 7, 2001, the Commonwealth arrested and charged Appellant with firearms, conspiracy, and drug possession offenses.  At the time of the arrest, police officers seized $1,489 in cash from Appellant.  On December 19, 2001, the Commonwealth filed a Petition for Forfeiture of the seized cash.  ***See*** Docket No. CP-48-MD-0000329-2001.  That same day, the trial court issued a Rule to Show Cause why the Petition should not be

_____

[*] Former Justice specially assigned to the Superior Court.

granted. Appellant did not respond. On February 13, 2002, the court granted the Commonwealth's forfeiture Petition. Appellant did not appeal.

On March 4, 2003, after the U.S. Attorney's Office issued an Indictment seeking to prosecute Appellant on firearms offenses arising from the same criminal incident, the Commonwealth *nolle prossed* all charges and dismissed the case. Appellant did not file a motion for return of property during the pendency of the criminal cases against him, or within thirty days following the dismissal of the charges.

Thirteen-and-a-half years later, on September 12, 2016, Appellant filed a *pro se* Motion for Return of Property, seeking the return of $1,324 in cash[1] that had been seized during his 2001 arrest.[2] On September 16, 2016, the court scheduled a hearing for September 30, 2016, sending notice to both Appellant and Gary Asteak, Esq., Appellant's attorney of record in the 2001 criminal case.

Neither Attorney Asteak nor Appellant appeared at the September 30, 2016 hearing. The court dismissed the Motion for Return of Property as untimely and because of Appellant's failure to appear to prosecute the Motion. **See** Trial Ct. Op., dated 1/3/17, at 2.

---

[1] Appellant does not indicate why he seeks the return of only a portion of what the forfeiture docket indicates was at issue.

[2] Appellant filed the instant Motion for Return under his criminal docket number, not under the miscellaneous docket number in which the forfeiture had been granted.

On October 3, 2016, Appellant filed a Motion for the Appointment of Counsel with the trial court. On October 4, 2016, the trial court filed its written Order denying the Motion for Return of Property. The court clerk sent a copy of the Order to Attorney Asteak. Despite receiving Appellant's Motion for the Appointment of Counsel the previous day, the docket has no notation that the court clerk sent a copy of the Order to Appellant.

On October 17, 2016, Appellant filed a *pro se* Motion for Rehearing. On November 3, 2016, and again on November 17, 2016, Appellant submitted *pro se* "Notice of Inquiry" seeking information on the status of his Motions for Rehearing and for Appointment of Counsel.

On December 13, 2016, Appellant filed a *pro se* Notice of Appeal with this Court.[3] The trial court filed a Pa.R.A.P. 1925(a) Opinion on January 3, 2017. That court did not order Appellant to file a Rule 1925(b) statement.[4]

On March 7, 2017, our Court issued a Rule to Show Cause why the appeal filed on December 13, 2016, from the October 4, 2016 Order should not be quashed as untimely filed. Appellant responded that he was "never provided by the lower court with an order advising him that he had a right to

_____

[3] Ordinarily, appeals pertaining to forfeiture actions fall within the jurisdiction of the Commonwealth Court. However, Appellant filed this action under his criminal docket number, and Appellee has not objected to this Court's jurisdiction. Accordingly, and in the interests of judicial economy, we conclude that jurisdiction is perfected in this Court. *See* Pa.R.A.P. 741.

[4] On January 17, 2017, Appellant filed a "Notice to Court," which the trial court docketed as a Concise Statement of Matters Complained of on Appeal.

appeal" the October 4[th] Order. Reply to Order, filed 3/20/17, at 1. He asserts that it was only after he filed his second Notice of Inquiry that the trial court advised him that "he is untimely from appealing decision [*sic*] made." *Id*. at 2. The issue is now before this panel for resolution.

Before this court may consider the merits of the issues raised on appeal, we must determine whether we have jurisdiction. A Notice of Appeal must be filed within 30 days of the date of a final order. Pa.R.A.P. 903(a). The filing of a Motion for a Rehearing does not toll the appeal period unless reconsideration is granted. Pa.R.A.P. 1701(b)(3)(ii); ***Commonwealth v. Moir***, 766 A.2d 1253, 1254 (Pa. Super. 2000). Appellate courts generally lack jurisdiction to consider untimely appeals. ***Commonwealth v. Capaldi***, 112 A.3d 1242, 1245 (Pa. Super. 2015). A late filing, however, may be excused if there has been a breakdown in the court's processes. ***See Commonwealth v. Braykovich***, 664 A.2d 133, 136 (Pa. Super. 1995) (extension of filing period is permitted only in extraordinary circumstances, such as fraud or some breakdown in court operations).

Our Rules of Criminal Procedure provide that "[a] copy of any order or court notice promptly shall be served on each party's attorney, or the party if unrepresented" by the clerk of courts. Pa.R.Crim.P. 114(B)(1) and (2). Rule 114 further directs the clerk of courts to make prompt docket entries, containing, *inter alia*, the date of service of the order or court notice. Pa.R.Crim. P. 114(C).

In the instant case, it is undisputed that the trial court's Order became final on October 4, 2016. Appellant filed his appeal on December 13, 2016—70 days later. The appeal is, therefore, untimely.

However, Appellant asserts he "was never provided by the lower court with an order advising him that he had a right to appeal decision [*sic*] that was rendered on October 4, 2016, denying motion for return of property." Reply to Order at 1. The lower court's docket indicates that the trial court served only Appellant's attorney of record from his 2001 case with a copy of the Order on October 4, 2016, one day after the court received Appellant's Motion for Appointment of Counsel.

In light of Appellant's Motion for Appointment of Counsel filed on October 3, 2016, it is reasonable to assume that the attorney who had represented Appellant 14 years before no longer represents him. Therefore, pursuant to Rule 114, the court clerk should have sent the October 4, 2016 Order denying the Motion directly to Appellant at the same address to which the Order scheduling the hearing on the Motion had been sent. The failure to do so is the result of a breakdown in court operations. Accordingly, we decline to quash this appeal.[5]

_____

[5] Although we know from the fact that Appellant filed a timely Motion for Rehearing that he somehow received notice of the October 4, 2016 Order, the Order on record does not inform Appellant that he had thirty days from the date of the Order to file an appeal. With no docket entries or record

*(Footnote Continued Next Page)*

In his appellate brief, Appellant asserts that because he was not officially served with a Notice of Forfeiture, he was denied his right to due process. He also avers that the trial court erred by denying his Motion for Return of Property based on its lack of timeliness. No relief is due.[6]

Our review of the denial of Appellant's Motion for Return of Property is limited to whether the trial court committed an error of law. *Commonwealth v. Wintel, Inc.*, 829 A.2d 753, 756 n.3 (Pa. Cmwlth. 2003). The scope of review is plenary. *Commonwealth v. Howard*, 931 A.2d 129, 131 (Pa. Cmwlth. 2007).

Our Rules of Criminal Procedure provide that a "person aggrieved by a search and seizure . . . may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized." Pa.R.Crim.P. 588. In *Commonwealth v. Allen*, 107 A.3d 709 (Pa. 2014), our Supreme Court held that an arrestee must file his Motion for the Return of Property seized by law enforcement during the pendency of the criminal proceedings against him, or within thirty days

*(Footnote Continued)* ──────────

evidence to indicate otherwise, we cannot conclude that Appellant was informed of his appeal rights.

[6] Appellant has not challenged the trial court's failure to act on his Motion for the Appointment of Counsel. We nonetheless note that there is no constitutional right to the appointment of counsel in a forfeiture proceeding. *$9,847.00 U.S. Currency*, 704 A.2d 612, 616–17 (Pa. 1997).

following the dismissal of the charges. *Id*. at 717. "The failure to bring the action in a timely manner results in a waiver of the issue." Trial Ct. Op., filed 1/3/17, at 2, citing **Allen**.

In support of his first issue, Appellant asserts that the trial court erred in dismissing his Motion as untimely because "a notice [of the forfeiture proceeding] was never served, therefore there was never a commencement of the statute of limitation to file for his property back." Appellant's Brief at 4.

Contrary to Appellant's contention, the record from the forfeiture proceeding indicates that Appellant was successfully served by Detective Matthew J. Lohenitz of the Easton Police Department with a copy of the Forfeiture Petition and a Notice to Answer for Forfeiture on January 10, 2002. **See** Proof of Service, Docket No. CP-48-MD-0000329-2001, dated 1/10/2002.[7] The Notice to Answer for Forfeiture informed Appellant that (1) he was "required to file an answer to this petition . . . within thirty (30) days from the service hereof;" and (2) "if you fail to file said answer, a decree of forfeiture and condemnation will be entered against said property." **See** Notice to Answer for Forfeiture, Docket No. CP-48-MD-0000329-2001, dated 1/10/2002. "In the absence of fraud," which Appellant has not alleged, a

---

[7] The record from the forfeiture proceeding supplements the record submitted in this Appeal. The Notice to Answer for Forfeiture has a "X" on the line next to "Refused to Sign." **See** Notice to Answer for Forfeiture.

notice of Proof of Service "is conclusive upon the parties." ***Seminole Bldg. & Loan Ass'n v. Levit***, 163 A. 345, 346 (Pa. Super. 1932). Accordingly, we conclude Appellant *did* receive notice of the forfeiture proceeding and the resulting forfeiture. No relief is warranted on Appellant's first issue.

With respect to Appellant's challenge to the denial of his Motion for Return of Property based on untimeliness, as the trial court noted, "there has been no action in this docket number for thirteen and a half years." Trial Ct. Op., filed 1/3/17, at 2. Likewise, the forfeiture docket shows no activity since 2002. The trial court correctly relied on ***Allen***, ***supra***, in concluding that Appellant's Motion was untimely. Accordingly, Appellant's claim is waived.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/13/2017

- 8 -